In re PARK.

(District Court, W. D. Arkansas, Texarkana D.   June 7, 1900.)

1. BANKRUPTCY—RIGHTS OF BANKRUPT—EXEMPTIONS.
    Under Bankrupt Law, § 47, cl. 11, requiring the trustee to set apart the bankrupt's exemptions, and report the items and estimated value thereof to the court, as soon as practicable after his appointment, a bankrupt cannot be denied his exemptions because he has not accounted for all his assets, or has fraudulently transferred his property.

2. SAME.
    Where property claimed by a bankrupt as exempt has been sold by the trustee, the exemption should be set apart out of the proceeds of the sale.

In Bankruptcy.   Bankrupt's claim for exemptions.

Wm. S. Curran, for bankrupt.
Jones & Hudgins, for creditors and trustee.

ROGERS, District Judge.   By section 47, cl. 11, of the bankrupt law, it is made the duty of the trustee to set apart the bankrupt's exemptions, and report the items and estimated value thereof to the court, as soon as practicable after his appointment.   It does not appear in this case that the trustee has ever discharged this duty. The referee has found that the bankrupt was entitled to his exemptions as scheduled by him.   No exceptions were taken to the finding of the referee with reference to the value of the property.   The exceptions seem to be based upon the fact that the bankrupt has not accounted for all of his assets, and is in possession of portions of his assets which were not turned over to the trustee.   This is no reason why he should not have his exemptions.   If he has in his possession, or under his control, assets which he has not accounted for, the trustee has his remedy.   If he has fraudulently transferred property to other persons, the referee has his remedy, but the bankrupt should not be denied his exemptions on account thereof.

It is not necessary to consider the objections in detail.   If the trustee has not set apart the exemptions belonging to the bankrupt, it is his duty to do so.   If he has sold the property which the bankrupt claimed as exempt, and therefore cannot set apart his exemptions, as claimed, then the exemptions should be set apart to him out of the proceeds of the sale of the goods turned over to the trustee.   The trustee, on setting apart the exemptions, should make his report at once to the referee.

An order will be entered by the clerk directing the trustee to set apart to the bankrupt his exemptions as set forth in his petition and schedule, and, if the same have been disposed of by the trustee, he will set apart his exemptions, under the direction of the referee, out of the proceeds of the sale of the merchandise.