## In re BRUMBAUGH.

### (District Court, D. Pennsylvania. March 30, 1904.)

### No. 297.

1. BANKRUPTCY—EXEMPTIONS.

Where, after judgment had been recovered against a defendant for breach of marriage promise, he was adjudged a bankrupt, it was no ground for opposing his state exemption that he would not be able to maintain a claim for it in the state courts as against such judgment.

2. SAME.

The only question to be determined on a bankrupt's application for his exemptions under state laws is whether he is entitled to the same as against general creditors.

3. SAME—FRAUDULENT CONVEYANCES—DISCHARGE.

Where, more than four months prior to the institution of bankruptcy proceedings, the bankrupt conveyed certain property to his wife for the purpose of raising money to pay the expenses of an impending suit for breach of marriage promise, such conveyance was no ground for denying the bankrupt's discharge, under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], which requires that a fraudulent transfer, in order to prevent a discharge, must be made within four months.

4. SAME—CONCEALMENT OF ASSETS.

In the absence of proof of a clear misstatement by the bankrupt with regard to his ownership of real estate, the title to which stood in the name of his father, amounting to a concealment of assets, or a false oath, the fact that the bankrupt and his wife resided on such real estate, and that the bankrupt was the father's prospective heir, was no ground for refusing a discharge.

5. SAME—EXCEPTED LIABILITIES.

Where, though a judgment for breach of promise was by far the principal liability of a bankrupt, it was not the only one, the bankrupt could not be deprived of a discharge on the ground that the judgment was recovered on a claim constituting a willful injury to the person, and so was within the excepted liabilities.

6. SAME—EXEMPTION—WITHHOLDING DISCHARGE TO PERMIT TEST IN STATE COURTS.

Where it was contended that a bankrupt was not entitled to retain property claimed as exempt as against a judgment for breach of marriage promise, and the only way in which the judgment creditor could test the question was by proceedings in the state courts, the bankrupt's discharge should be withheld until the judgment creditor was afforded a reasonable opportunity to test her rights.

In Bankruptcy.

H. H. Waite and W. M. Henderson, for exceptant Cora A. Keim. Samuel I. Spyker and J. R. & W. B. Simpson, for bankrupt.

ARCHBALD, District Judge. This case is here on two questions: (1) As to the right of the bankrupt to his $300 state exemption; and (2) as to his right to a discharge.

1. On January 14, 1903, a judgment was recovered in the court of common pleas of Huntingdon county, Pa., against I. Harvey Brumbaugh, the present bankrupt, at the suit of Cora A. Keim, in an action for breach of promise of marriage. This action was begun by capias in trespass, on which the defendant was held to bail, and resulted in a verdict for $9,250 damages, reduced by the court to $5,000, on which judgment was subsequently entered. On March 12th following the defendant filed a petition in this court to be declared a bankrupt, and the same day was so adjudicated. The admitted purpose of this was to escape liability on the judgment referred to, and the only debts scheduled or proved outside of it were one of $100 to F. G. Brumbaugh, an uncle, and another of $150 to Juniata College, of which the bankrupt was at the time and now is president. The position taken by the exceptant is that as the bankrupt would not be entitled as defendant to claim his exemption on an execution in the breach of promise case because of its being a tort and sounding in damages, he is not entitled to have it set apart to him here. It is undoubtedly true, under the law of Pennsylvania, by which the exemption is given, that it cannot be claimed in cases of tort, but only of contract. Kirkpatrick v. White, 29 Pa. 176; Kenyon v. Gould, 61 Pa. 292; Commonwealth v. Brown, 17 Pa. Super. Ct. 520; Edwards v. Mahon, 5 Phila. 531. If, therefore, the cause of action on which judgment was rendered against the bankrupt was in its nature tortious, the exemption could not be successfully claimed or retained by him if execution were issued upon it. But that does not determine the question whether it is now to be allowed to him. This was considered and conclusively disposed of in the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, where it was held that property set apart to a bankrupt under his claim to exemption forms no part of his estate in bankruptcy, and that as a result the court has no jurisdiction to administer it or enforce against it the rights of creditors having special claims upon it, by waiver or otherwise, under the state law. It affords no ground, therefore, for opposing the bankrupt's exemption in the present instance that he would not be able to maintain a claim for it against the judgment of Miss Keim. If that be legally true of it, she has simply to issue execution and seize the property set apart to him, and the state courts will then determine her rights. But they must be worked out there, and not here; the only question which now concerns us being whether the bankrupt, as against general creditors, is entitled to his exemption, as to which there can be no doubt.

2. Several reasons are advanced for denying the bankrupt a discharge. It is charged that he disposed of certain shares of valuable stock in the Geiser Manufacturing Company on the eve of the trial of the breach of promise suit, for the purpose of stripping himself of his property, and leaving nothing out of which a judgment if recovered could be made. But a man may dispose of his property until it is taken out of his hands by due proceedings, provided he do it honestly (Githens v. Schiffler, 7 Am. Bankr. Rep. 453, 112 Fed. 505), and there is nothing to establish the contrary here. So far as appears, the sale was for full value, for the avowed purpose of raising money to pay

the expenses of the impending suit, and we are not to import a sinister motive without some countervailing proof. This is true even though his wife was in large part the purchaser, there being nothing to prevent her if actually and honestly such. Moreover, if there was really any fraud in the transaction, it took place more than four months prior to the proceedings in bankruptcy, and it is only where there has been a fraudulent transfer of property within that period that a discharge is barred. Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]. It may be that the trustee, in view of the strict rule which prevails with regard to transactions between husband and wife, would have been justified in instituting proceedings to avoid the sale, under section 70e of the act. 30 Stat. 565, 566 [U. S. Comp. St. 1901, p. 3451]. But with that we are not now concerned. It is sufficient to know that there is nothing in what has been brought forward that stands in the way of a discharge. The same observation may be made with regard to the real estate on which the bankrupt resides, the apparent title to which is in his father, a man of some little means, whose only child and prospective heir he is. If there was any doubt as to who was the real owner of the property, the bankrupt or his father, it was a matter for the trustee to test, and except upon proof of a clear misstatement of the bankrupt with regard to it, amounting to a concealment of assets or a false oath, it is of no materiality here. The $64.50 in bank attached by Miss Keim stands in much the same light. It may raise the suspicion of regularity that this fund which was released by the proceedings in bankruptcy was transferred the day before to the bankrupt's attorneys, but there must be something more than this to lay hold of before we can deny a discharge.

It is urged, however, that breach of a promise to marry is a willful injury to the person, and so within the excepted liabilities, from which bankruptcy does not relieve, and that, as the sole ground for instituting these proceedings was because of the recovery of the Keim judgment, the bankrupt should not be allowed to go free. But whatever might be the proper conclusion, if this was the case, it cannot be predicated of what we have here. While the claim of Miss Keim is by far the principal liability, it is not the only one, and even though the others are comparatively trifling, and undoubtedly friendly, they cannot be disregarded. Neither is it clear that an action for breach of promise to marry falls within the excepted liabilities, the weight of authority in fact being the other way. In re Fife (D. C.) 109 Fed. 880; Finnegan v. Hall, 6 Am. Bankr. Rep. 648, 72 Fed. 347; Disler v. McCauley, 7 Am. Bankr. Rep. 138, 73 Fed. 270, reversing 6 Am. Bankr. Rep. 491, 71 Fed. 949. In re McCauley, 4 Am. Bankr. Rep. 122, 101 Fed. 223, was in every way like the present, except as it was aggravated by seduction, and yet it was held that the bankrupt was released. But I am not called upon to decide on the effect of a discharge, and I do not. The only question is whether the bankrupt is entitled to it, and that he ultimately will be is clear. How far-reaching it will be when granted is another matter to be disposed of when it is properly raised.

There is ground, however, for the present, in withholding final action on this subject. If it be, as contended, that the bankrupt is not entitled to retain the property which he has exempted, as against the Keim judgment, on the ground that it is for a tort, the only way to test that question, as already intimated, is by proceedings in the state courts, by issuing execution, and levying upon it. But, as the legal effect of a discharge in bankruptcy would be to wipe out the liability (assuming that it is not one of those that are excepted by the act), the right to execution would be cut off if once the discharge went out. Claster v. Soble, 22 Pa. Super. Ct. 631. The judgment creditor has therefore a right to ask that a discharge be withheld for the present in order to enable her to test her rights in the way suggested. This was the course pointed out and sanctioned in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, already referred to, and it will be followed here.

The exceptions to the action of the referee allowing the bankrupt his exemption, and holding that he is entitled to his discharge, are overruled. But the discharge is withheld until the further order of the court, for the purpose of allowing the excepting creditor to assert in the state court by appropriate proceedings her alleged right to subject the property exempted to execution upon the judgment which she has recovered, with leave to the bankrupt to move for his discharge unless such proceedings be taken within 20 days, or unless it be determined that the property exempted cannot be subjected thereto.