## In re STEIN.

### (District Court, E. D. Pennsylvania. May 23, 1904.)

### No. 1,824.

1. BANKRUPTCY—EXEMPTIONS—TIME AND MANNER OF CLAIMING.

While the right of a bankrupt to his exemption depends on the state law by which it is primarily given, the time and manner of obtaining it in the court of bankruptcy are regulated by Bankr. Act, July 1, 1898, and where the claim is made in his schedule as provided in section 7a, cl. 8, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], it must be regarded as effective and in time; the fact that, prior to the filing of his schedule by an involuntary bankrupt, his property had been sold by a receiver by order of the court, will not deprive him of the right to claim his exemption from the proceeds, notwithstanding the state law may require the claim and selection to be made out of the property before sale.

In Bankruptcy. On certificate from referee.

Charles S. Wagoner and Charles A. Chase, for bankrupt.
Henry N. Wessel and Alfred Aarons, for trustee.

J. B. McPHERSON, District Judge. The following report of the referee (Richard S. Hunter, Esq.) states the facts upon which the question for decision arises:

"It is admitted in this case that immediately upon the filing of the petition in bankruptcy a receiver was appointed, and the property of the bankrupt estate was immediately thereafter sold by the receiver and converted into cash.

The bankrupt's schedules were subsequently filed, claiming the exemption in cash, as it was then in the hands of the receiver.

"It was in evidence that the bankrupt and her husband were in the sales-room an hour before the receiver's sale began, and looked at a catalogue of the sale.

"The trustee asks that the bankrupt shall be held to have forfeited her claim to exemption because she did not make the claim in specie under the receiver's appraisement, and before the receiver's sale. In support of his contention the trustee cites the case of Hammer v. Freese, 19 Pa. 255, and Haskin's Estate, 6 Am. Bankr. Rep. 485, 109 Fed. 789, in which Judge McPherson, applying the act of 1849 (P. L. 533) to proceedings in bankruptcy, has decided that a bankrupt must claim his exemption in his schedule, as provided by law, in specie, and, upon failure to do so, cannot thereafter claim the proceeds of a trustee's sale in cash.

"These decisions have become familiar law in practice under the bankrupt act in Pennsylvania, but they do not appear to the referee to apply to the present case. They were announced in cases where the schedules in bankruptcy had been filed, and the bankrupt had failed to claim his exemption in specie in the schedules. The decision was, in effect, that this duty was 'clearly imposed upon the bankrupt by section 7a, par. 8, of the act, providing that the bankrupt should prepare and make oath to and file in court a schedule of his property, with a claim for such exemption as he may be entitled to. This claim is stated in section 6 to be the exemptions which are prescribed by the state law, and the trustee has ingeniously maintained that, under the act of 1849, before any sale made under proper authority of law, the debtor must claim his exemption in specie, or be thereafter debarred, and that by analogy he must make this claim before the receiver's sale in bankruptcy.

"But the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) must be read together, and, considering the sixth and seventh sections, it becomes evident that the duty of the bankrupt with regard to his claim for exemption is to set forth the claim in specie in his schedule. To require him to do so immediately upon the appointment of a receiver would be a great hardship. An involuntary bankrupt often at this time has no counsel. He has had not time to go over his property and set down its values. He has no means of knowing what the receiver's appraisement is. And if it should be held that by a failure to claim in specie at that time he had lost his right to claim his exemption, such exemption would be forfeited in a majority of instances in all properties managed by receivers. Of these, there is a large and increasing number, and the tendency is to allow the receiver to sell, not merely perishable goods, but all goods of the bankrupt estate, in order to stop the running of expenses.

"The bankruptcy act with regard to exemptions always follows the state law, but it follows that law in the method and under the limitations laid down in the act of Congress, and with due regard to reasonable and natural conditions. The filing of the bankrupt's schedule calls his attention at once to his claim for exemption. Appraisers are appointed under the act at a meeting at which he is present. Their valuation of his property is before him for examination. If he considers it too high, he may ask for its reformation. So the trustee, on the other hand, if the appraisement, in his view, is too low, so as to enable the bankrupt to obtain an unfair advantage, may move on his side to have the appraisement reformed. Thus, before the trustee's sale takes place, the rights both of the creditors and of the bankrupt are safeguarded, and it is the fault of the latter if he has not made a proper claim for exemption. None of these safeguards exists in the practice under receivers' sales, and the extension of the necessity of a choice in specie to a bankrupt before such a sale is harsh and inequitable.

"In the only case, so far as is known to the referee, in which this matter has come before our courts (In re Le Vay, 11 Am. Bankr. Rep. 114), Judge Archbald sustained a bankrupt's claim to the cash proceeds of a receiver's sale in the broadest terms. 'But while it is, no doubt, true,' says Judge Archbald, 'that the right of the bankrupt to his exemption depends on the state law by which it is primarily given, the analogies derived from the practice upon execution process are not to be carried too far. The time and manner

of obtaining it in this court are necessarily regulated by the bankruptcy act, and it is there provided that the bankrupt shall claim in his schedules his exemptions to which he' is entitled (section 7a [8]), and that they are to be set apart to him by the trustee, who is to report to the court the items and estimated value thereof (section 47a [11]). [30 Stat. 557 (U. S. Comp. St. 1901, p. 3439).] Where this course has been pursued, it must be regarded as effective and in time. The mere fact that meanwhile goods which he might otherwise have claimed have been sold by a receiver under the direction of the court, because of their perishable character, will not deprive him of the right to come in upon the proceeds. The sale of goods as perishable is for the benefit of all concerned; the money realized therefrom standing in place of the property itself, against which the parties interested may assert their rights the same as if the sale had not taken place.'

"This ruling is entirely in accord with Judge McPherson's decisions in this district, and is directly in point in the present case.

"The bankrupt's claim of $300 in cash from the proceeds of the receiver's sale as her exemption is sustained."

I have no intention of qualifying the previous decisions of this court (Re Haskin, 6 Am. Bankr. Rep. 485, 109 Fed. 789; Re Manning, 7 Am. Bankr. Rep. 571, 112 Fed. 948), but the present situation is not the same as was there considered. ·The point now in controversy has already been decided by Judge Archbald, for whose opinion I have the highest respect, and I follow his ruling without hesitation.

The order of the referee is approved.