[No. 5497. Decided January 31, 1905.]

D. HOLFORD, *Respondent,* v. RICHARD TREWELLA, *Garnishee and Appellant, and* S. S. KENNEDY, *Defendant.*[1]

GARNISHMENT—PROCESS—SERVICE ON DEFENDANT BY PUBLICATION. A garnishee cannot object that judgment was rendered against the principal defendant, who was out of the state, upon a service by publication.

FRAUDULENT CONVEYANCES—SALES—STOCK OF GOODS IN BULK—PURCHASER TRUSTEE FOR CREDITORS—GARNISHMENT. One who buys a stock of merchandise in bulk, without complying with the statute requiring him to demand a list of the vendor's creditors and to see that the purchase price is applied to their payment, holds the property in trust for such creditors, and is liable to them in an action of garnishment (*Kohn v. Fishback, ante* p. 69, followed).

Appeal from a judgment of the superior court for King county, Morris, J., entered July 8, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Marshall K. Snell* and *Bertha M. Snell,* for appellant.

*Leopold M. Stern,* for respondent.

RUDKIN, J.—The defendant, Kennedy, was engaged in the saloon and restaurant business in this state, between the 20th day of June and the 30th day of July, 1902. During that period the W. S. Grinsfelder Company sold to Kennedy, goods, wares, and merchandise of the value of $116, to be used in the conduct of his business. On the 13th day of September, 1902, Kennedy sold his saloon and restaurant business, including all stock and fixtures,

[1]Reported in 79 Pac. 308.

to the garnishee defendant Trewella, for the sum of $4,000 in cash. The purchaser did not demand or receive from Kennedy a verified statement containing the names and addresses of his creditors, or in any manner comply with what is commonly called "the sale in bulk act" of this state, Laws of 1901, p. 222. The claim of the Grinsfelder Company has not been paid, and no part of the purchase price of $4,000 was applied in satisfaction of the Kennedy indebtedness. The Grinsfelder Company assigned its claim to the plaintiff, who brought an action thereon in the court below, and caused a writ of garnishment to be served on the garnishee defendant, Trewella. Immediately after the sale of his business, Kennedy left the state, and the summons in the main action was served by publication. The plaintiff recovered judgment against the defendant Kennedy for the sum of $135, and the court rendered a judgment against the garnishee defendant for a like amount. The garnishee defendant appeals.

There is no merit in the objection that the judgment against Kennedy was rendered upon service of summons by publication, under the circumstances herein stated. The case of *Kohn v. Fishbach, ante* p. 69, 78 Pac. 199, is decisive of the other questions presented on this appeal.

For this reason we will not pass upon the motion to dismiss the appeal on the ground that the amount in controversy is not sufficient to confer appellate jurisdiction on this court.

The judgment is affirmed.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.