In re SLOAN.

(District Court, E. D. Pennsylvania. March 13, 1905.)

No. 1,967.

1. BANKRUPTCY—SALE OF ASSETS—PROCEEDINGS—EXEMPTION.
    Where a bankrupt's property was sold by a receiver under order of court appointed the day after the petition was filed, and prior to the filing of the bankrupt's schedule, and he notified the receiver at the sale that he claimed his exemption and specified the property from which he desired it allotted, he was entitled to claim his exemption from the proceeds of the sale of such property.

2. SAME—ASSIGNMENT OF EXEMPTION—WAIVER.
    A bankrupt's exemption, as authorized by Act Pa. 1849 (P. L. 533), being personal to him, is nonassignable, so that an assignment thereof operated as an abandonment of his right.

3. LEASES—WAIVER OF EXEMPTIONS—CLAIM FOR RENT—PRIORITY—RESTRAINT.
    Where a lease to a bankrupt contained a waiver of exemptions, and the landlord proved his claim for rent before the referee, he was entitled to receive such rent as a prior claim out of the proceeds of property from which the bankrupt claimed his exemption, which was subject to distress for rent, though the landlord made no levy either before or after the filing of the bankruptcy petition.

4. SAME—CLAIMS—RIGHT OF CONTEST.
    Where both a bankrupt and his assignee of exemptions claimed an interest in a fund derived from the sale of certain of his assets, they were entitled to contest the allowance of the claim against it.

In Bankruptcy. On certificate from referee.

Charles Lehr, for trustee.
Herman W. Rennert, for landlord.
Edmund W. Kirby, for bankrupt.

HOLLAND, District Judge. On June 13, 1904, an involuntary petition in bankruptcy was filed, and on the 14th of the same month a receiver was appointed and authorized to sell the bankrupt's assets, and the sale of his liquor license for $1,900 and bar fixtures for $300 took place on June 30, 1904, as advertised, and the sale was confirmed without objection. A notice dated June 21, 1904, was served on counsel for the receiver by the bankrupt, at the auction room, on the day of sale, but before the sale began, wherein he claimed the bar fixtures of the retail license saloon at 108 North Sixth street, Philadelphia, for his exemption, under and in accordance with the laws of Pennsylvania, and at the same time he agreed that the receiver might sell the fixtures upon condition that he be paid $300 in cash out of the proceeds. The license and fixtures

were sold separately, and the auctioneer stated that this was done in consequence of a notice received to so sell them.

At the time of filing the petition in bankruptcy there was rent due to the landlord amounting to $75, under his lease with the bankrupt, in which there was a waiver of exemption in favor of the landlord; and on August 31, 1904, the landlord filed a proof of his claim of $75 for rent due under his lease, and claimed that he was entitled to be paid out of the proceeds of the sale of the fixtures as a debt which has priority under the bankrupt law, although he had not distrained for the fixtures before or after the bankruptcy proceedings were commenced. Sloan was not adjudicated a bankrupt until July 5, 1904, and on the 18th of the same month he filed his schedules, and in them claimed his exemption, and specified the bar fixtures of the retail license saloon, 108 North Sixth street, Philadelphia. On October 29, 1904, the bankrupt, in writing, assigned and transferred his exemption to Robert J. Byron, who was not a creditor of the estate, and for a consideration that Byron would secure his discharge, at his own expense, if objections thereto were made, although at that time there were no objections to the bankrupt's discharge, but since the assignment objections to his discharge have been filed.

The questions certified are:

"(1) Did the assignment and sale made by the bankrupt of his right to exemption effect an abandonment of it and leave the same in the general fund, to be distributed among those legally entitled to it?

"(2) Is the landlord entitled to payment of rent of seventy-five dollars as a priority out of the sum of three hundred dollars, realized as the proceeds of the sale by the receiver of the chattels of the bankrupt upon the premises at the time of the commencement of the bankruptcy proceedings, the lease containing a clause waiving the benefit of the exemption laws?

"(3) Have the bankrupt and his assignee of the exemption any standing to object to the payment of said claim of seventy-five dollars for rent as a priority, there being no other fund than said three hundred dollars proceeds of the sale out of which the rent can be paid as a priority?"

1. As the bankrupt's property in this case was sold by order of court, by a receiver appointed the day after the petition in bankruptcy was filed, and prior to the filing of the schedule by the bankrupt, and in view of the fact that he notified the receiver that he claimed his exemption, and specified the property at the day of sale, he would be entitled to claim his exemption from the proceeds (In re Le Vay [D. C.] 125 Fed. 990; In re Stein [D. C.] 130 Fed. 629); but instead of insisting upon his claim he subsequently assigned it to another, who was not a creditor of his estate. A claim of exemption under the act of 1849 (P. L. 533) was meant only for the insolvent debtor to keep a shelter and the means of living for himself and his family (Bowyer's Appeal, 21 Pa. 210), and it is therefore not a vendible or assignable thing (Eberhart's Appeal, 39 Pa. 513, 80 Am. Dec. 536). What he does not claim for himself and his family he leaves in the general fund and under the control of the court for distribution. Bowyer's Appeal, supra. It would seem, therefore, that the bankrupt in this case abandoned his right to claim the exemption by the execution of the assignment to Byron,

and the only effect of the attempted transfer is to leave the proceeds of the sale of the articles he claimed in the general fund for distribution. A debtor cannot waive his right to the $300 in favor of a junior creditor or assign it to a third person. Bowyer's Appeal, supra.

2. As these articles were such property as could have been taken by the landlord upon a distress for rent under his lease with the waiver of exemption, he is entitled to receive his rent as a prior claim out of the proceeds of the fixtures, notwithstanding his failure to have made a levy either before or after the filing of the petition in bankruptcy, he having proved his claim before the referee. In re Hayward (D. C.) 130 Fed. 720; In re Duble (D. C.) 117 Fed. 795; Barnes' Appeal, 76 Pa. 50; Wickey v. Eyster, 58 Pa. 501; Moss' Appeal, 35 Pa. 162.

3. Both the bankrupt and his assignee of the exemption have a right to contest any claim upon a fund in which either claim to have an interest which may be affected by the allowance of the claim. They may not successfully contest it, but they cannot be deprived of hearing.

There was a separate certificate of the referee on the question of the right of the bankrupt to claim his exemption out of the proceeds of the sale, and as to whether he had abandoned his exemption by assigning it to a third party. The referee held that the assignment to Byron was a waiver or an abandonment of the right to exemption, and the fund remained to the general creditors. The petition of the bankrupt for an allowance of exemption of $300 out of the proceeds of the bar fixtures was dismissed by him.

For the reasons stated in this opinion, both orders of the referee are approved.