---

### In re ALEX.

(District Court, E. D. Pennsylvania. December 16, 1905.)

#### No. 2,131.

BANKRUPTCY—EXEMPTIONS—FRAUDULENT CONCEALMENT OF PROPERTY.

Where a bankrupt within a short time before his bankruptcy bought goods largely in excess of the needs of his business on credit, and disposed of them for cash, leaving the bills therefor unpaid, and when examined in the bankruptcy proceeding failed to account for a large portion of his receipts, gave testimony which he afterwards admitted to be untrue, and finally claimed to have gambled away a large amount, while his wife purchased his fixtures and continued the business in her name, he may reasonably be held to have concealed money and property with intent to defraud his creditors, and is not entitled to his exemption under the laws of Pennsylvania.

In Bankruptcy. On report of referee.

The following is the report of Referee John G. Diefenderfer in the matter of the exceptions to the allowance of the exemption to the bankrupt:

Leo Alex was declared a bankrupt on the 14th day of January, 1905, upon a petition filed against him December 19, 1904. On the 19th of January, 1905, he filed his schedules, in triplicate, and in Schedule B5 claimed $300 worth of property out of his business, "from the fixtures, etc., in store at No. 643 Ham-

ilton street, Allentown, Pa."; and asked that goods of that value be set aside for him as his exemption. On the 10th day of February, 1905, the trustee of the bankrupt's estate made report of exempted property, and the report was on that day duly filed by the referee. On the same day R. J. Butz, Esq., attorney for creditors, filed exceptions to the allowance of the exemption. The report and the exceptions thereto were filed at an adjourned first meeting of the creditors of the bankrupt, after full examination of the bankrupt by the creditors. The examination of the bankrupt, at the first meeting of creditors and adjournments thereof, is the evidence by which the exceptions to the exemption are meant to be sustained. The first specification of the exceptions substantially comprises also the remaining two. It is "that the bankrupt has concealed money and property with intent to defraud his creditors." By agreement of counsel concerned the referee fixed October 26, 1905, for hearing of the exceptions. At that hearing counsel for the excepting creditors was heard. Counsel for the bankrupt did not argue the exceptions.

The facts before the referee may be sketched in rapid outline: The bankrupt is of Greek nationality, of apparently middle age, and immigrant in this country since 1890. He came to Allentown in 1901, opened a candy store, and carried on the candy business until about the middle of December, 1904, when his property was seized in an execution for debt, and the petition in bankruptcy against him followed on the 19th of December, 1904. He had been in the same kind of business at Easton, Pa., for some seven years before he came to Allentown. He had some $3,000 in money when he came to Allentown and all debts paid. He rented the premises at 623 Hamilton street, spent considerable money to make them suitable for his business, and conducted the business there until he failed; and at the trustee's sale of the bankrupt's property his wife bought a considerable portion of the business fixtures, established herself in her husband's former place and business, using money, as she testifies, which she had saved out of her household expenses. The bankrupt's business seems to have prospered fairly until the last year. During the last two months he bought recklessly, on credit, from about 70 different tradespeople, scattered over a wide area of country, in a total of about $8,000, and tried to buy still more, but failed of further credit. He obtained the merchandise in the amount aforesaid, sold the same and got the money therefor, left the bills unpaid, and has failed to account for a full half of the money which he realized from the sale of the large stock of merchandise. He kept no books in his business. He had a bank deposit book and corresponding check books. He was urged to account for the receipts and made little attempt to do so. He swore first that he had deposited the money in bank and used it to pay his debts. The bank deposit book showed deposits in a total of $2,962.58 for the month of November, 1904, to December 10, 1904. The goods purchased from and after November 1, 1904, amounted to just about $7,500, as appears by the schedules filed by the bankrupt; and there was about the same value of goods in the store when the receiver in bankruptcy took the store as there was at the beginning of November, 1904, a month and a half before. The bankrupt admits that he received the goods and got the money for them when he sold them again, and must consequently have had about $7,500 in hand between November 1, 1904, to December 19, following. Of the money deposited in bank, his stubs of checks show $1,691.38. The bankrupt was given time between adjourned meetings to prepare to account for the balance of the money that must have been in his hands. He proved indifferent and failed, and when, under rigid cross-examination, his attention was called to the large deficit, after having sworn that he had applied all the money towards the payment of debts, he admitted that he had testified to what he knew was not true, and had gambled away some $2,300 or $2,500 in New York.

Under substantially the above facts the question is whether the bankrupt is entitled to his exemption. "The rights of a bankrupt to property as exempt are those given him by the state law." Smalley v. Laugenour, 13 Am. Bankr. Rep. 692, 25 Sup. Ct. 216, 49 L. Ed. 400. "The only question to be determined upon a bankrupt's claim for exemption is whether he is entitled thereto as against general creditors." In re Brumbaugh, 12 Am. Bankr. Rep. 204, 128 Fed. 971. In the case in hand the creditors seek to bring the property claimed

into the fund for the general creditors, and under the decisions above recited the bankruptcy court has no doubt jurisdiction to distribute the property, if the exemption is not to be allowed to the bankrupt. "The exemption laws [of Pennsylvania] are enacted for the honest poor, not for the roguish." Imhoff's Appeal, 119 Pa. 350, 13 Atl. 279, and the cases there cited. When a bankrupt buys merchandise largely in excess of what he needs in his business, and disposes of it for cash, and leaves the bills unpaid, and within three months is put under oath in a proceeding in which he is bound to exercise diligence and good faith in all matters pertaining to his property and business transactions, and proves indifferent and unsatisfactory, fails to account for a large portion of his receipts, testifies to that which he afterwards admits to have been false, and afterwards, in order to escape threatened danger, takes refuge in the plea of having gambled away a third of the money, such a bankrupt is, in the opinion of the referee, not entitled to his exemption under the laws of Pennsylvania, and has in effect concealed money and property with the intent to defraud his creditors. The referee sustains the first exception and disallows the exemption claimed. This finding makes it unnecessary to consider the remaining two exceptions.

And, now, October 27, 1905, it is ordered that the schedule of property of Leo Alex, bankrupt, set apart to be retained by the bankrupt, made by the trustee of the bankrupt's estate and filed in this cause February 10, 1905, be, and it is hereby, set aside, and the trustee is directed to distribute said property as an asset of the bankrupt's estate, unless exception to this order be properly filed of record in this cause on or before November 7, 1905.

## The following is the verified petition of the bankrupt for review:

To John G. Diefenderfer, Esq., Referee in Bankruptcy: Your petitioner respectfully shows: That he was adjudged a bankrupt herein on the 14th day of January, A. D. 1905, and that a trustee of his estate was in such proceeding subsequently appointed. That such trustee on the 10th day of February, A. D. 1905, filed a report of exempted property herein, and that on the 27th day of October, A. D. 1905, an order was entered determining your petitioner's claim to exempt property, as stated in such report, as follows: "When a bankrupt buys merchandise largely in excess of what he needs in his business, and disposes of it for cash, and leaves the bills unpaid, and within three months is put under oath in a proceeding in which he is bound to exercise diligence and good faith in all matters pertaining to his property and business transactions, and proves indifferent and unsatisfactory, fails to account for a large portion of his receipts, testifies to that which he afterwards admits to have been false, and afterwards, in order to escape threatened danger, takes refuge in the plea of having gambled away a third of the money, such a bankrupt is, in the opinion of the referee, not entitled to his exemption under the laws of Pennsylvania, and has in effect concealed money and property with the intent to defraud his creditors. Now, October 27, 1905, it is ordered that the schedule of property of Leo Alex, bankrupt, set apart to be retained by the bankrupt, etc., be, and it is hereby, set aside, and the trustee is directed to distribute said property as an asset of the bankrupt's estate, etc. That such order was erroneous for the following reasons:

(1) The state laws as to exemption in bankruptcy cases control, and the reasons assigned by the referee would not deprive the bankrupt of his exemption under the laws of Pennsylvania. (2) Property set apart to a bankrupt under his claim to exemption forms no part of his estate in bankruptcy. (3) Because the bankrupt testified that he lost his money by gambling would not deprive him or his family of the right to his exemption. (4) Under the laws of the state of Pennsylvania the bankrupt must be allowed his exemption, unless the same has been waived. (5) There was no evidence before the referee that the bankrupt had transferred or concealed any portion of his property, and unless this be shown his exemption must be allowed.

Wherefore your petitioner, feeling aggrieved because of said order, prays that said trustee report and the said order be reviewed, as provided in the bankruptcy law of 1898, and general order 32.

Dated Allentown, Pa., November 6, 1905. Leo Alex.

W. La Monte Gillette, for bankrupt.

Reuben J. Butz and Thomas F. Gross, for objecting creditors.

HOLLAND, District Judge. The findings of fact by the referee in this case are approved, and we agree with his conclusion that the bankrupt was not entitled to have property to the amount of $300 set aside for his use. The order entered by the referee October 27, 1905, is also approved, and the trustee directed to proceed in accordance with the directions therein contained.