In re CONNOR.

(District Court, W. D. Washington, N. D. January 26, 1906.)

No. 3.063.

BANKRUPTCY—EXEMPTIONS—WASHINGTON STATUTE.

Under the statute of Washington (Laws 1901, p. 222, c. 109; Ballinger's Code Supp. § 3102; Pierce's Code, § 5346), which in case of a sale in bulk of a stock of merchandise makes the purchaser responsible for the application of the purchase price on the seller's debts, the seller by making such a sale must be deemed to have assented to such application, and on his adjudication as a bankrupt cannot claim his statutory exemptions out of the money due from the purchaser. Nor do the creditors waive their rights in such fund by instituting involuntary proceedings in bankruptcy against him.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 669.]

In Bankruptcy. On review of referee's order respecting disputed claim to exemptions.

Westcott & Pinckney, for creditors.
Dorr & Hadley, for bankrupt.

HANFORD, District Judge. The sales in bulk statute of this state (Laws Wash. 1901, p. 222, c. 109; Ballinger's Code Supp. § 3102; Pierce's Code, § 5346) has not been assailed in this case, and its validity will be assumed, although similar statutes in other states have been held to be unconstitutional. Sellers v. Hayes (Ind. Sup.) 72 N. E. 119; Wright v. Hart (N. Y.) 75 N. E. 404. In this connection refer to McDaniels v. J. J. Connelly Shoe Co., 30 Wash. 552, 71 Pac. 37, 60 L. R. A. 947, 94 Am. St. Rep. 889; Fitz Henry v. Munter, 33 Wash. 629, 74 Pac. 1003; Kohn v. Fishbach, 36 Wash. 70, 78 Pac. 199; Eklund v. Hopkins, 36 Wash. 180, 181, 78 Pac. 787; Holford v. Trewella, 36 Wash. 655, 79 Pac. 308; Rothchild Bros. v. Same, 36 Wash. 680, 79 Pac. 480, 68 L. R. A. 281, 104 Am. St. Rep. 973.

The bankrupt claims as exempt part of the unpaid purchase price of a stock of merchandise which he sold in bulk previous to the initiation of bankruptcy proceedings. The effect of the statute is to charge the purchase price with a trust in favor of the vendor's creditors, by making the vendee responsible for the application of the money to the payment of their claims. It follows as a legal consequence that the right of the vendor to receive any part of the money is postponed until all of his creditors have been paid in full, and when the fund is insufficient to pay his debts in full he must be deemed to have retained no interest in the matter other than the right of a party to a

contract to enforce performance. In such a case performance means payment to the vendor's creditors pro rata. The transaction is inconsistent with any right of the vendor to claim the money under the exemption law adversely to creditors, because the statutory obligation of the vendee is necessarily incorporated into the contract, and the vendor must be deemed to have assented to the application of the purchase money, as the statute has prescribed. Such assent on his part waived any right which he might otherwise have asserted to select the purchase money in lieu of other property which would be exempt from attachment or execution for debt. The statute does not merely charge the purchase money with a trust in favor of creditors in substitution for their rights to enforce payment of debts due, by levying upon the goods in the hands of their debtor, but in unrestricted terms it imposes an absolute obligation upon the vendee to see to the application of the whole of the purchase money, if necessary to pay all the debts of the vendor. To hold otherwise, as the referee has held, would in effect change the law by judicial construction, and this court disclaims the right to amend an unambiguous statute by construction.

The contention that by instituting involuntary bankruptcy proceedings the creditors have waived rights, and that they are estopped to contest the claim to exemptions, appears to me to be insupportable. As stated, the argument is based upon a supposed requirement of the statute that they must, in order to claim its benefits, elect to accept the obligation of the vendee and surrender other legal modes of procedure against their debtor. I find no such requirement, express or implied, in the statute.

The order of the referee sustaining the demurrer will be set aside. and the exemptions claimed will be allowed with respect to household furniture, etc., valued at $150, and disallowed as to the money.