## In re RENDA.

(District Court, M. D. Pennsylvania. October 25, 1906.)

### No. 838.

1. **BANKRUPTCY—EXEMPTION—DISTRIBUTION OF FUNDS BY COURT—PROCEEDS OF EXEMPT PROPERTY.**

    A bankrupt who makes seasonable claim to his exemptions is not deprived of his right by a sale of the property by a receiver with his consent; but, since in that case the proceeds come into the bankruptcy court for distribution, such court may consider and determine any claims to the fund by others.

2. **SAME—RENT DUE ON LEASE WITH WAIVER—WAGE CLAIMS.**

    Out of a fund so produced and in court, the claim of a landlord for rent, upon a lease waiving exemption; and wage claims, against which there is no exemption under the state law, are to be preferred to the exemption claim of the bankrupt.

3. **SAME—ATTACHMENT EXECUTION—CUSTODIA LEGIS—MONEY IN HANDS OF A RECEIVER.**

    An attachment execution, however, issuing from the common pleas and served on a receiver in bankruptcy, even though it is based on a judgment with waiver, is entitled to nothing; the receiver being an officer of the court and the money in his hands being in custodia legis, against which no attachment lies.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 238, 301.]

In Bankruptcy. On distribution of funds in hands of receiver.

Charles H. Soper, for labor claimants.
Charles P. O'Malley, for landlord.
W. W. Johnston, for general creditors.
Ralph L. Levy, for bankrupt.

ARCHBALD, District Judge. The amount in the hands of the receiver for distribution is $607.07; $300 of this is the proceeds of goods which the bankrupt asked to have set aside to him as exempt, but which were sold by arrangement; the bankrupt being remitted to the proceeds. This he claims the right to take out of court unimpaired, but is met by wages claims, against which there is no exemption under the state law; a claim of the landlord for two months' rent amounting to $300, on a lease waiving exemption; and an attachment execution from the common pleas on a judgment with waiver, in which the receiver was served as garnishee.

The bankrupt, having made claim for his exemption within the time fixed by the act, is not debarred because the goods were sold.

In re Le Vay, 125 Fed. 990, 11 Am. Bankr. Rep. 114; In re Stein, 130 Fed. 629, 12 Am. Bankr. Rep. 384, affirmed 134 Fed. 235, 14 Am. Bankr. Rep. 30; In re Sloan, 135 Fed. 873, 14 Am. Bankr. Rep. 435. But, having to come into court to get it, the rights of others who also lay claim to the fund may properly be considered, and there is no occasion to send them elsewhere for relief. The case is not like that where goods are set apart to the bankrupt under his exemption, over which thereafter the bankrupt court has no jurisdiction, and liens upon which are therefore to be enforced in the state courts. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The bankrupt assented to the sale by the receiver by which the fund was produced, and, the money being in the latter's hands, the court has now to say how it is to be disposed of, necessarily passing upon conflicting claims. In re Rodgers, 125 Fed. 169, 11 Am. Bankr. Rep. 79. If the opposite course were pursued in the present instance, it would work manifest injustice. The bankrupt could put the money into his pocket, and those in whose favor he has waived his right to it would be without redress; and that, too, in the case of the landlord, in the face of the fact, that if he had not been restrained by the court from enforcing the distress which he had made he would have realized his money.

The fund in the hands of the receiver in strictness should be regarded as two funds; that made from the exempt goods being kept by itself, and the claimants being remitted to the other in the first instance. But the result is the same, and it is not necessary to preserve the distinction. Disposition will therefore be made of it as follows:

Fund for distribution.................................................$607 07
 Costs:
Filing fees to be returned to petitioning creditors..... $30 00
Deposited by same with referee..................... 15 00

                  $45 00
Additional fees due referee............................. 22 85
To attorney of petitioning creditors..................... 35 00
To attorney of bankrupt................................ 25 00

                 $127 85

 Wages due:
William Simmons................................... $18 75
James Malloy....................................... 54 00

                72 75
Rent due Landlord 2 mos.............................. 300 00
 Balance to bankrupt on his $300 exemption claim...... 106 47

                $607 07

The wage claims of John C. Thomas and Joseph Ammoretti are not established to my satisfaction, and are disallowed. So, also, is that of the attaching creditor. The receiver is the officer of the court, and his possession is that of the court itself. The money in his hands is thus in custodia legis, against which no attachment lies.

Let distribution be made as scheduled above.