## In re HIGHFIELD.

(District Court, M. D. Pennsylvania. September 2, 1908.)

No. 1,133, in Bankruptcy.

1. BANKRUPTCY—EXEMPTION—JURISDICTION OF COURT.

While a bankruptcy court has no jurisdiction over property claimed by the bankrupt as exempt; once the right to it has been established, it may, preliminary to that, determine whether for any reason the right cannot be asserted.

2. SAME — EXEMPTION CLAIMED FROM FUND IN COURT — CLAIM OF LANDLORD UNDER LEASE WAIVING EXEMPTION.

Where the property of a bankrupt has been sold, and the bankrupt asserts a right to his exemption from the fund in court produced by such sale, the court has jurisdiction to determine his right as against other claimants of the fund, and the claim of a landlord who had a lien on the property for rent, and in whose favor the bankrupt had waived his right of exemption in the lease, is entitled to preference over the claim of exemption.

In Bankruptcy. On exceptions to report of referee allowing bankrupt's exemption.

Charles H. Welles, Jr., for landlord.
W. H. Leach, for bankrupt.

ARCHBALD, District Judge. The bankrupt's goods were sold by the receiver for $1,700, but there have been numerous expenditures which bring it down to less than $1,000. There was due to the landlord at the time the bankruptcy proceedings were instituted, for rent of the premises, the sum of $1,750, which has been reduced to $1,535

by the proceeds of certain other goods which were appraised and left on the premises upon some sort of an understanding that the bankrupt was going to take them for his exemption, but which were distrained and sold by the landlord, whereupon the bankrupt concluded not to. Later on, when he filed his schedules, he claimed his exemption in cash out of the money in the trustee's hands which was allowed him. To this the landlord objects, as it cuts down the fund to which he must look for his rent, already meager; the bankrupt having waived his exemption in the lease, to say nothing of having acquiesced in the announcement at the receiver's sale that he was going to take the goods in the basement. The question is whether in view of these facts the bankrupt is entitled to maintain his claim.

The referee finds that there was nothing in his alleged acquiescence, and, as the case goes off on another point, there is no occasion to discuss it, if, indeed, it could be considered doubtful. But the referee also holds that the court has no authority over property claimed as exempt except to appraise and set it off, leaving it to the state courts to work out and enforce conflicting claims with regard to it. This is no doubt true so far as concerns specific goods or property sought to be retained as exempt by the bankrupt. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; In re Brumbaugh (D. C.) 12 Am. Bankr. Rep. 204, 128 Fed. 971. But even here the court will undertake to inquire and decide whether by reason of fraud he has not forfeited his rights. In re Duffy (D. C.) 9 Am. Bankr. Rep. 358, 118 Fed. 926; Matter of Alex (D. C.) 15 Am. Bankr. Rep. 450, 141 Fed. 483; In re Schafer (D. C.) 18 Am. Bankr. Rep. 361, 151 Fed. 505; In re Ansley (D. C.) 18 Am. Bankr. Rep. 457, 153 Fed. 983. And, if so, it is difficult to see why it may not do so, also, where the question is whether for any reason he has not waived or lost them. The distinction would seem to be that, while the bankruptcy court has no jurisdiction over the property claimed as exempt, once the right to it has been established, it may, preliminary to that, determine whether for any reason the right cannot be asserted. In re Coddington (D. C.) 11 Am. Bankr. Rep. 122, 126 Fed. 891; In re Sloan (D. C.) 14 Am. Bankr. Rep. 435, 135 Fed. 873; In re O'Connor (D. C.) 16 Am. Bankr. Rep. 784, 146 Fed. 998.

In the case in hand there is no question of goods or the right to distrain or have execution of them or of enforcing a lien against them, all of which, when it arises, must be left to proper proceedings in the state courts after the bankruptcy court has found the bankrupt entitled to maintain his claim and turned the property over to him. Here there is a fund which the court is called upon to distribute to the parties entitled to it. Three hundred dollars is claimed on the one hand by the bankrupt by virtue of his state exemption, and, on the other hand, by the landlord, for rent, as to which the bankrupt has clearly waived it. It would be a strange conclusion to reach that the money must be given to the one who, as against the other, has clearly no right to it, upon a supposed construction of the law by which the court is deprived of jurisdiction over exempt property. Jurisdiction is not wholly cut off. The court in a proper case, as we have seen, is still charged with the duty of inquiring whether the bankrupt has not lost

or forfeited it, and in line with this it may also decide as between rival claims for a fund in court whether the one as against the other has not waived it. The bankrupt was denied his exemption on this ground by Judge Buffington as against the landlord having a lease which, the same as here, contained a waiver. In re Hoover (D. C.) 7 Am. Bankr. Rep. 330, 113 Fed. 136. And there was a similar ruling by this court in Re Renda (D. C.) 17 Am. Bankr. Rep. 521, 149 Fed. 614, from which the present case is not to be distinguished. As is there said, the bankrupt having come into court to get his exemption, the right of others who also lay claim to the fund may properly be considered, and there is no occasion to send them elsewhere for relief, which in the present case, as it may be added, would be to absolutely deny it. The money in court stands for the goods out of which it was realized, and the landlord, being deprived of his right of distress, is entitled to the same consideration and treatment as if he had been free to exercise it. In re West Side Paper Co. (C. C. A.) 162 Fed. 110.

The exceptions are sustained, the exemption is refused, and the fund is awarded to the landlord on his claim for rent.