---

## In re HAAS.

(District Court, E. D. Pennsylvania. May 11, 1914.)

### No. 4906.

BANKRUPTCY (§ 399*)—EXEMPTIONS—SETTING APART—JURISDICTION OF BANKRUPTCY COURT.

Where a lease provided that, if a petition in bankruptcy should be filed against the lessee, the rent, which was payable in installments, should at once become due and payable as if made payable in advance, and a petition was filed at a time when no installment was due, whereupon the lessor entered judgment for the balance of the rent, the bankruptcy court could only set apart to the lessee his exemptions, and had no jurisdiction to determine the lessor's claim under a waiver of exemptions in the lease, though the property of the bankrupt was sold by the receiver prior to the adjudication, and the exemptions were to be set apart in money instead of specific articles, since the court has no jurisdiction to adjudicate claims against exempt property, except such as were acquired by a lien created by agreement of the parties prior to the bankruptcy, and the sale of the property by the receiver did not affect the bankrupt's rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of Louis Haas, bankrupt. On certificate of the referee. Order overruling objections to the trustee's report of exempted property affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bertram D. Rearick, of Philadelphia, Pa., for bankrupt.

Louis M. Fleisher, of Philadelphia, Pa., for exceptant.

J. B. McPHERSON, Circuit Judge. The subject for consideration is the power of the district court to determine conflicting claims to the property claimed as exempt by the bankrupt. I say "property," because the $300 now in controversy stands in the place of specific articles that the bankrupt could and would have claimed if he had not been prevented from so doing by a receiver's sale. Re Bolinger (D. C.) 6 Am. Bankr. Rep. 172, 108 Fed. 374. The facts will appear in the following report of the referee (D. W. Amram, Esq.):

"The bankrupt occupied the second floor of premises 1425 Walnut Street under the lease for the term of one year from the 1st day of May, 1913, at the yearly rental of $1,200, payable monthly in advance in sums of $100 each. The rent to begin on the 1st day of August, 1913. The rent due on the 1st day of August was paid by the bankrupt at the time of the execution of the lease, but, before a further installment of rent became due, a petition in bankruptcy was filed against him, to wit, on August 26, 1913. On August 29, 1913, the landlord entered judgment on the lease and assessed damages at $840 under a clause in the lease which provided, among other things, that, if a petition in bankruptcy shall be filed against the lessee, the rent for the said term, or for whatever portion thereof the lessor may desire, shall at once become due and payable as if, by the terms of this lease, it were all payable in advance, and shall be first paid out of the proceeds of such bankrupt estate, any law, usage, or custom to the contrary notwithstanding.

"An adjudication in bankruptcy was entered on September 17, 1913, but prior to the said adjudication the assets of the bankrupt had been sold under order of court by the receiver. On September 23, 1913, the landlord filed his proof of debt. On October 7th the bankrupt's schedules were filed, wherein he claimed his exemption. On October 11, 1913, the trustee's report of exempted property was filed. The only objection to the trustee's report of exempted property is that filed by the landlord; his reason being that the said bankrupt, Louis Haas, had on May 1, 1913, waived his exemption in the lease executed by him, copy whereof is attached to the proof of claim.

"It appears that under the decisions in Re Caloris Mfg. Co. [D. C.] 24 Am. Bankr. Rep. 609 [179 Fed. 722], and in Re Keith-Gara Co. [D. C.] 29 Am. Bankr. Rep. 466 [203 Fed. 585], the landlord's claim for the balance due under his lease is a claim enforceable in bankruptcy and constitutes a provable debt, and the only question is whether the objection made by the landlord to the trustee's report of exempted property is a valid one and whether the waiver of exemption in the lease is enforceable against the bankrupt's exempted property in the bankruptcy court. Barring the cases in Re Renda [D. C.] 17 Am. Bankr. Rep. 521 [149 Fed. 614], and in Re Highfield [D. C.] 21 Am. Bankr. Rep. 92 [163 Fed. 924], the current of decisions is practically unbroken and uniform to the effect that the bankruptcy court, having set apart the bankrupt's exemption, has no jurisdiction to adjudicate claims made against it, except such as are acquired by a lien created by agreement by the parties prior to the bankruptcy and not in violation of the bankruptcy law. At the time of the bankruptcy in this case, the landlord had no claim whatever against the bankrupt. There was nothing due him under his contract, and it was only by virtue of the bankruptcy that the contingent claim for the balance of the unpaid rent came into being. It is obvious that the judgment entered subsequent to the bankruptcy gave the landlord no higher right in the bankruptcy court than he had enjoyed therebefore. In the cases of In re Renda and In re Highfield, both decided by Judge Archbald of the Middle district, a distinction is drawn between the rights of a claimant against the fund arising from a receiver's sale and specific assets actually set apart. Judge Archbald held that where a receiver sells the bankrupt's assets, including assets out of which the exemption might have been claimed, the entire fund is before the court for distribution, and therefore the court may adjudicate claims against it, although, if the

bankrupt's assets had been set apart by a trustee in bankruptcy subsequent to adjudication, the court would have no such power. Inasmuch as the bankrupt need not claim his exemption until after his adjudication, he cannot be prejudiced in his rights by any sale of the receiver prior to the adjudication. To hold that he loses his right to have the exemption set apart to him by the bankruptcy court free of liens, because the property out of which it might have been claimed was sold by the receiver under an order of the court, at a time when the bankrupt could not have claimed his exemption and when there was no official whose duty it was to set it apart penalizes the bankrupt for no fault of his own. Moreover, in Re Renda there was a distraint by the landlord before the bankruptcy which brought the case under the authority of West Side Paper Co., 20 Am. Bankr. Rep. 660, 162 Fed. 110 [89 C. C. A. 110, 15 Ann. Cas. 384], and In re Highfield simply followed In re Renda, from which, in the words of Judge Archbald, it is not to be distinguished."

The referee thereupon disallowed the landlord's objections to the trustee's report, in which $300 cash was set apart as the bankrupt's exemption.

I agree with the referee's conclusion. When the petition in bankruptcy was filed, there was no rent in arrear, and of course no distraint had been made. Accordingly the bankrupt's goods were free from liens, and, when the receiver sold them by order of court, the bankrupt's right to have the exemption of $300 set apart was transferred to the proceeds of sale. If it were not for the decisions in Re Renda (D. C.) 17 Am. Bankr. Rep. 521, 149 Fed. 614, and Re Highfield, (D. C.) 21 Am. Bankr. Rep. 92, 163 Fed. 924, it would be difficult to find an authority in favor of the court's power to pass upon the conflicting claims of the landlord and the bankrupt. Lockwood v. Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Railroad v. Hall, 30 Am. Bankr. Rep. 619; 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306; Woodruff v. Cheves, 5 Am. Bankr. Rep. 296, 105 Fed. 601, 44 C. C. A. 631; Re Remmerde (D. C.) 30 Am. Bankr. Rep. 701, 206 Fed. 822. But even the two cases referred to may be distinguished on their facts. In Re Renda the landlord had a lien by distraint, as appears from a statement in the opinion at the top of page 523 of 17 Am. Bankr. Rep., 149 Fed. 614, and apparently a similar situation existed in Re Highfield, since the court says (on page 94 of 21 Am. Bankr. Rep., 163 Fed. 924) that the case is not to be distinguished from Re Renda. In both these cases, therefore, the lien of the landlord was superior, under the decision in Re West Side Paper Co., 20 Am. Bankr. Rep. 660, 162 Fed. 110, 89 C. C. A. 110, 15 Ann. Cas. 384.

The referee's order of February 4, 1914, is affirmed.