### In re ELKIN.

(District Court, D. New Jersey. November 5, 1914.)

1. BANKRUPTCY (§ 395*)—EXEMPTIONS—DETERMINATION—BANKRUPTCY COURT —JURISDICTION.

   It is the duty of a bankruptcy court to determine claims of a bankrupt to exemption, and to sever the exempt property from the bankrupt's estate, but not to grant exemptions.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 399\*)—EXEMPTIONS.

    A bankrupt's exemptions are created by the state law, and the exempt property constitutes no part of the estate in bankruptcy, the trustee not being vested, except sub modo, with the title to such property; and hence it does not lie in his power to deprive the bankrupt of the right to his exemptions on the ground that he has withheld assets from the trustee.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of Sigmund Elkin. On petition of the trustee to review a referee's order allowing the bankrupt's claim of exemptions. Affirmed.

Solomon S. Leff, of New York City, for petitioning creditors.
H. H. Wittstein, of Trenton, N. J., for bankrupt.
Lesser Bros., of New York City, for creditors opposing discharge.

HUNT, Circuit Judge. After a most attentive examination of the testimony in this case and of the law, my conclusions, briefly stated, are that, while there is a great deal of evidence tending to show a willful course of fraudulent conduct on the part of the bankrupt, particularly in the matter of the payment of $1,000 to his sister and $500 to his nephew, and while the evidence is quite strong concerning omissions to keep proper accounts of sales during the sale had just prior to the filing of the petition in bankruptcy, yet I seriously doubt whether the strength of the evidence tending to show such fraud and dishonesty is sufficient to justify the court in overruling the findings of the referee to the effect that it was not clearly proven that the bankrupt had failed to turn over to the trustee or to account for any moneys in his possession, or that the bankrupt had failed to turn over moneys received from the sale of merchandise in his store within 10 days prior to the filing of the petition in bankruptcy.

[1, 2] It is to be borne in mind that this is not an action brought directly trying the validity of the transactions between the bankrupt and his sister and his nephew, but is one presenting the question whether or not the bankrupt can avail himself of the statutory right to exemptions as provided by the laws of the state of New Jersey. While the duty of a court of bankruptcy is to determine claims of a bankrupt to an exemption, the jurisdiction appears to be, not to grant any exemptions, but merely to define that upon which the law operates. The power of the bankruptcy court is to sever the property found to be an exemption from the estate of the bankrupt, the title remaining in the bankrupt. Such seems to have been the opinion entertained by Justice Bradley in the case of In re Bass, 2 Fed. Cas. 1004. That learned judge took the view that the exempted property constitutes no part of the estate in bankruptcy, that the exemption is created by the state law, and that the function of the bankruptcy court is merely to determine, if there be a dispute, what the law acts upon. There are cases which hold to the contrary. In re Alex (D. C.) 141 Fed. 483. As helpful in ascertaining the divergent opinions, see Remington on Bankruptcy, § 1098; Collier on Bankruptcy (9th Ed.) pp. 186, 198–203.

But the principle being that under the statute the trustee is not

vested, except sub modo, with the title to property which is exempt, it does not lie within his power to deprive the bankrupt of the right to an exemption upon the ground that he has withheld assets from the trustee. In re Park (D. C.) 102 Fed. 602. The question presented in this case might very appropriately be reviewed by the Court of Appeals, and I hope that it may be.

The referee's findings are affirmed.