### In re BITTLE.

(District Court. E. D. Pennsylvania. January 30, 1917.)

No. 5917.

BANKRUPTCY ⬤⟿391(3)—PROCEEDING IN STATE COURT—STAY.

Action in a state court against bankrupt by a creditor will not be
stayed by the bankrupt court, though it be creditor's purpose, on any
judgment obtained, to attach funds in the trustee's hands, even if this
would be a nullity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654;
Dec. Dig. ⬤⟿391(3).]

In Bankruptcy. In the matter of Reuben T. Bittle, bankrupt. Sur
petition to stay proceedings in state court. Petition dismissed.

Louis Greenblatt, of Philadelphia, Pa., for petitioner-bankrupt.
Erwin Sturm, of Philadelphia, Pa., for respondent-landlord.

DICKINSON, District Judge. The petitioner is the bankrupt.
The respondent is his landlord. An execution issued, and levy was
made upon property of the defendant which was subject to the land-
lord's claim for rent. The landlord gave notice of his claim to the
sheriff. A petition in bankruptcy followed and (presumedly) the exe-
cution was stayed and a receiver in bankruptcy appointed. The bank-
rupt claimed his exemption, and under an arrangement made the
receiver sold the property; the claim to the exemption being trans-
ferred to the fund. An adjudication was entered and a trustee ap-
pointed in due course, who succeeded to possession of the fund. The

landlord filed his proof of claim. He then, without leave of the court, brought an action against the bankrupt in a state court. His claim is for unaccrued rent to the end of the term, asserted to have become due and payable by reason of a provision of the lease making the rent so payable in the event of an execution issuing against the tenant. There is also averred to be a waiver of exemption in the lease. The avowed purpose of the action is to secure judgment against the tenant, issue thereon an attachment in execution, with the trustee as garnishee, and thus reach the exemption fund in satisfaction of the claim and through this test test the validity of the waiver.

A most curious situation is thus presented. Although the landlord has not formally invoked the remedy, there is, at least, plausible ground for the assertion of his right to have leave to sue in the state court and to have the question of the discharge of the bankrupt withheld until he has tested in the state court the right of the tenant to claim his exemption against the landlord. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; In re Brumbaugh (D. C.) 128 Fed. 971; In re W. C. Allen & Co. (D. C.) 134 Fed. 620; In re Castleberry (D. C.) 143 Fed. 1018; In re Meredith (D. C.) 144 Fed. 230; In re Loden (D. C.) 184 Fed. 965.

Where, however, as here, the exemption set aside is represented by moneys, and does not consist of goods or chattels, there is authority for the proposition that, as the bankrupt court must (as is averred) make some disposition of the fund, it may administer it by either awarding it to the bankrupt or to the landlord as having the better claim of right to it. In re Sloan (D. C.) 135 Fed. 873; In re Renda (D. C.) 149 Fed. 614.

If this be a sound proposition, then there is no occasion for us to do anything beyond proceeding to determine to whom the $300 properly belongs. It is in consequence needless to do what the landlord asks to have done. Moreover, In re Renda (D. C.) 149 Fed. 614, is an authority for the proposition that the $300 cannot be attached in the hands of the trustee because in custodia legis, and that the proceedings in the state court ending in such attachment would be a nullity. If this be the law, then what the landlord asks to have done would be a futile thing.

There is an apparent conflict of views as to the application of the doctrine of the Lockwood Case where the exemption is in the form of money. Upon this we are not now called to pass. The landlord has, however, the right, in the first instance, to choose his forum. Of this right we will not deprive him, nor will we attempt to forecast the result of his resort to the state court. He may reach this fund, if it is his right to do so, and should be permitted to make the attempt. If it is beyond the reach of any process open to him, that is his misfortune. He must decide upon the remedy which he will ask to have applied, and it is not the province of the court to indicate the course which, in the opinion of the court, is the best for him to pursue. He is seeking recourse to the state court, and we confine ourselves to the matter before the court by refusing the petition to stay his hand.

Petition dismissed.