### In re MANNING.

(District Court, E. D. Pennsylvania. February 1, 1902.)

#### No. 1,029.

1. BANKRUPTCY—EXEMPTIONS—APPLICATION OF STATE LAWS.

While the bankrupt act recognizes the bankrupt's right to exemptions, it refers to the state law as the source from which the right arises, and what the state law does not give cannot be set aside as exempt by the trustee.

2. SAME—SETTING APART—VALUING ITEMS SEPARATELY.

Under the laws of Pennsylvania, a trustee in bankruptcy, in setting aside as exempt household goods and book accounts, must itemize them, and value each item separately.

3. SAME—PROCEEDS OF FUTURE SALE OF PERSONALTY.

Under the laws of Pennsylvania a trustee in bankruptcy cannot set apart as exempt cash out of the proceeds of a future sale of the bankrupt's personal property.

4. SAME—REPORT—REQUIREMENTS OF BANKRUPT ACT.

General Order 17 (32 C. C. A. xix., 89 Fed. viii.), declaring that the trustee in bankruptcy shall report the articles set apart as exempt, with

the estimated value of each article, requires a specification of items and a separate appraisal of the property set apart to the bankrupt.

In Bankruptcy.

D. C. Henning, for bankrupt.

A. W. Schalck, for creditor.

J. B. McPHERSON, District Judge. The question for decision grows out of the allowance of the debtor's exemption to the bankrupt. She claimed the exemption in the following notice to the trustee:

"I hereby notify and request you to set apart for me and my use goods and chattels and moneys realized from my estate to the amount of 300 dollars as my exemption fund, as provided by law, and I hereby state that I will take and accept household goods appraised at $62.00, book accounts, $35.00, and goods or money. The money will be accepted, if more convenient to you. Of all of which please take notice.
"Ellen Manning, Bankrupt.
"D. C. Henning, Her Attorney.

"As to balance of $203.00, bankrupt accepts pro rata portion, if sold under appraised value; but, if proceeds equal or exceed appraised value, then the whole balance to be paid to her in cash. This to enable to make unbroken sale.
"Ellen Manning, by Her Attorney, D. C. Henning.
"Approved: C. E. Berger, Referee.
"George Bland, Trustee."

Subsequent to this notice, the trustee made the following report to the referee:

"Pursuant to section 47 of the national bankrupt act, I, George Bland, trustee of the above-named bankrupt, do herewith set apart the bankrupt's (Ellen Manning) exemption, as allowed under the laws of the state of Pennsylvania and bankrupt act, and report the estimated value thereof to the court as follows:

Household furniture .......................................... $ 62
Book accounts ................................................   35
Cash .........................................................  203
                                                              -----
  Total ...................................................... $300"

After the sale of the remaining personal property, the trustee set apart $203 in cash for the bankrupt in payment of the balance of the exemption, and when his account was filed asked credit for the following items:

Household goods of bankrupt.................................. $ 62
Book accounts ...............................................   35
Cash set apart ..............................................  203

The allowance of this credit was objected to, and, having been granted by the referee, presents the point to be determined.

It is clear that, while the bankrupt act recognizes the right of the bankrupt to exemption, it refers to the laws of the state as the source from which the right to exemption arises. Manifestly, therefore, what the law of the state does not give cannot be set aside by the trustee, and it is necessary to turn to the law of Pennsylvania in order to test the correctness of the trustee's action. Tried by the state law, I think it is plain that the attempt of the trustee to

set aside household goods and book accounts in a lump without itemizing them and valuing each item separately, and to set apart cash out of the proceeds of a future sale of the bankrupt's personal property, is unwarranted by the law of Pennsylvania, and was a mere nullity. I have heretofore decided the latter point,— In re Haskin, 109 Fed. 789, to which case I refer for the reasons that justify the foregoing conclusion,—and it is so well known that a lumping valuation does not comply with the statutes that no citation of authority is needed. I may add a reference to Hunt's Appeal, 100 Pa. 591, 592. In that case it was a widow's exemption that was under discussion, but, as this is governed by the same rules as a debtor's exemption in Pennsylvania, the decision is pertinent. See, also, In re Larkin's Estate, 132 Pa. 554, 19 Atl. 283, which refers to the practice where the balance of the exemption is claimed out of the proceeds of real estate. But there is no provision in the exemption law of Pennsylvania that permits a debtor to claim money out of the future proceeds of a sale of personalty, and it is unquestionably true that such an appraisement as appears in the present case would be of no value whatever in the courts of the state.

Neither is it of any value under the bankrupt act itself, as will be seen by turning to general order 17 (32 C. C. A. xix., 89 Fed. viii.), which provides that:

"The trustee shall, immediately upon entering upon his duties, prepare a complete inventory of all the property of the bankrupt that comes into his possession. The trustee shall make report to the court, within twenty days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of the act, with the estimated value of each article, and any creditor may take exceptions to the determination of the trustee within twenty days after the filing of the report."

The order requires that each article shall have an estimated value placed upon it, and thus requires a specification of items, and a separate appraisal. This explicit direction cannot be neglected. It follows, I think, that the attempted setting aside of the bankrupt's exemption was a nullity, and that the trustee should have been surcharged with this amount. When this is done, the opposition of the excepting creditor to the discharge of the bankrupt upon the ground that she had waived the benefit of the exemption law in his favor need not be further considered.

The objection to the action of the referee in allowing the trustee credit for the $300 paid to the debtor as her exemption is sustained, the trustee is surcharged with this amount, and the referee is directed to distribute the fund in accordance with this opinion.