### In re STAUNTON.

(District Court, E. D. Pennsylvania. October 11, 1902.)

#### No. 1,119.

1. BANKRUPTCY—EXEMPTIONS.
    Exemptions in bankruptcy can only be allowed under the provisions of the various statutes of the states on the subject.

2. SAME—EXEMPTIONS FROM PROCEEDS OF PROPERTY.
    Since, under the law of Pennsylvania, exemptions can be allowed to a debtor only from specific articles of personal property, including cash or valuable securities, a bankrupt, having elected to take a part of his exemption in personal property, was not entitled to take the balance from the proceeds of other property sold by his assignee for the benefit of creditors before bankruptcy proceedings were instituted.

In Bankruptcy.

William C. Wilson, for bankrupt.
C. Wilfred Conrad, for creditors.

J. B. McPHERSON, District Judge. When this case was argued I was inclined to believe that the bankrupt's claim for exemption should be allowed in full, on the ground that whatever he might have done, or have failed to do, in the assignment proceeding before the state court, he was nevertheless entitled to renew the claim in the bankruptcy proceeding before this court; and that the situation of affairs as it actually existed when the claim was made to the trustee

might justify allowance in full. At that time the bankrupt had in his possession certain household and personal effects that had been set aside for his exemption in the state court, and these were properly awarded to him by the trustee. They were only worth $95.25, however, and for the remainder of the exemption he claimed to be paid $204.75 in cash out of a fund that was handed over to the trustee by the assignee under the insolvent law of the state. This fund was the proceeds of personal property that had been sold by the assignee, and I was disposed at first to think that, as the fund was actually in existence when the petition in bankruptcy was filed, the bankrupt might have a valid claim to a part of it in cash. But further reflection has convinced me that such conclusion would not be sound. Exemptions in bankruptcy can only be allowed under the provisions of the various statutes of the states upon this subject, and it is a fundamental rule of the exemption law of Pennsylvania that (with certain exceptions not now material) a debtor must confine his claim to specific articles of personal property, including cash or valuable securities, that were owned by him when the assignment was made or the execution process issued. If he then owned $300, or less, in cash, it may be set apart for his use; but, if the cash does not exist in specie, he cannot assert a valid claim upon a fund subsequently produced by the sale of personal property. In re Haskin (D. C.) 109 Fed. 789, 6 Am. Bankr. R. 485; In re Manning (D. C.) 112 Fed. 948, 7 Am. Bankr. R. 571. I repeat, he must be the owner of the specific articles, either cash or chattels, which are to be set apart for his use, for his ownership merely continues, and is not created by his claim and the proceedings thereunder. The application of this rule forbids the allowance of the item that is now contested. He did not own the cash in question when the petition in bankruptcy was filed, and he never had owned it. It belonged to his creditors, the legal title being in the assignee or trustee; and for this reason it was beyond his reach.

The conclusion of the referee is therefore approved, but I do not wish to be understood as adopting the reasoning by which he supports it. It is, I think, open to question whether a failure to claim the whole or a part of the exemption in the state court bars the debtor from claiming it afterwards in a court of bankruptcy, and for the present I prefer to leave that point undecided.