In re WUNDER.

(District Court, E. D. Pennsylvania. January 5, 1905.)

No. 1,976.

1. BANKRUPTCY—EXEMPTIONS—STATE LAW.

A bankrupt is entitled only to such exemptions as he would be entitled to if proceeded against under the state law.

2. SAME—CLAIM—TIME.

Where an involuntary bankrupt neglected to file his claim for exemptions within the time specified by Bankr. Act July 1, 1898, c. 541, § 7, cl. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], or before a sale of his assets as required by the state law, which sale would be rendered nugatory by the allowance of the exemptions, his right thereto was waived, though he gave notice of his claim of exemptions in his schedules.

3. SAME—OBJECTION TO SALE.

Where a bankrupt neglected to file a claim for exemptions until after a sale of his assets, his claim thereto was not saved by his having appeared and objected to the order of sale on the ground that his exemptions had not been allowed.

In Bankruptcy. Overruling exceptions to referee's disallowance of exemption.

C. Wilfred Conard, for trustee.

M. B. Elwert, for bankrupt.

HOLLAND, District Judge. The certificate of the referee in this case raises the question as to whether the bankrupt is entitled to his exemption, claimed under the following circumstances: A petition in involuntary bankruptcy was filed against him on June 23, 1904; a receiver and appraisers were appointed July 2, 1904; and on August 12, 1904, a schedule of personal property appraised was filed by the appraisers. Wunder was not adjudicated a bankrupt until August 25, 1904, because he had left his former place of residence, and the subpœna was returned "not found," and an alias issued and publication ordered, returnable August 19, 1904. He filed his schedules of assets and liabilities on September 2, 1904, and in the former he claimed his exemption in the following words: "Claims personal property to the value of $300.00 under Act of Assembly of April 9th, 1849, and its supplements, to be selected by the bankrupt after the same is duly appraised." At this time the schedule of personal property had been filed by the appraisers. On September 15, 1904, Daniel G. Endy was selected by the creditors as trustee, and on November 11, 1904, filed a petition before the referee for leave to sell the personal property appraised at Milford, N. J., at private sale. The creditors were notified of a meeting, to be held at the office of the referee on November 22, 1904, for the purpose of passing upon the advisability of making an order of sale as suggested by the petition. They appeared upon this date, and agreed on a private sale upon the terms set forth in the petition. At this time the bankrupt appeared by his counsel and filed objection to an order of sale, upon the ground that he had not been allowed his exemption. The referee overruled his objection to the sale, and made an order, as of that date, directing

the trustee to sell the personal property at Milford, N. J., for the sum of $1,125. Thereupon the trustee sold the same to the L. W. Miller-Romig Company for that sum. Subsequently, on December 2, 1904, exceptions were filed to the referee's decision made November 22, 1904, disallowing the exemption, and with these exceptions the bankrupt filed a schedule of personal property claimed by him out of the personal property in New Jersey as found in the appraisement filed in this court on August 12, 1904, and as valued therein. These exceptions were overruled by the referee, and the question was then certified to this court.

Upon the facts as above stated, the referee was entirely justified in his ruling. A bankrupt is entitled to the same exemption as if proceeded against as a debtor under the state law, and to none other. In re Manning (D. C.) 112 Fed. 948; Loveland's Bankruptcy, § 177. In order that he may be allowed his claim, he must comply with the requirements of the state law, as well in regard to the manner of making the claim as to the articles claimed, and, as to whether he has done this or not, the law, as construed by the highest court of the state, will be conclusive. Loveland's Bankruptcy, p. 223, and cases cited, note 6. If the bankrupt does not comply with these requirements, the property will pass to the trustee, to be distributed among the creditors like other assets of the bankrupt, and he is deemed to have waived his right of exemption, unless he asserts his claim at a time long enough before the time of sale to prevent a postponement of the same. His right of election is gone if he waits until the sale has taken place. Hammer v. Freese, 19 Pa. 255; Loveland's Bankruptcy, p. 434, and cases cited, note 70.

The fact that he has given notice, in his schedule filed, that he will claim $300 worth of property to be appraised, will not entitle him to the amount of $300 in cash out of the proceeds, or to property of that value, where he has not specified the articles, as claimed by the state law. In re Manning (D. C.) 112 Fed. 948. He could, no doubt, have filed a schedule of property claimed as an amendment to his notice in the schedule, as was done in Re Duffy (D. C.) 118 Fed. 926, if done in time, and before the creditors have gone to the trouble and expense of a meeting for the purpose of passing upon the advisability of a sale, and have carried the sale into execution.

We do not think the claimant is in any better position because of his having appeared on November 22, 1904, and objected to the order of sale, because, at that time, he had not filed his claim according to law, and postponed it thereafter until after the sale had been made. He is clearly guilty of such negligence as under the Pennsylvania practice would be regarded as a waiver, and in the bankrupt court the claimant cannot be permitted to neglect the filing of his claim for exemption until after the trustee has incurred expense, and the creditors have devoted time and attention to the disposition of the assets the most advantageously, upon a basis that may be entirely disarranged and upset by a subsequent claim of exemption. Bankr. Act July 1, 1898, c. 541, § 7, cl. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], requires the bankrupt to file within 10 days, unless further time is granted after the adjudication in involuntary petitions, a claim for such exemption

as he may be entitled to. It is important that this requirement of the act be complied with, in order that the trustee, under general order 17 (89 Fed. viii, 32 C. C. A. xix), may be able, within 20 days after his appointment, to make report of the articles set off to the bankrupt by him, according to the provisions of the bankrupt act allowing such exemptions. When the trustee in this case was appointed on September 15, 1904, he failed to find a specific claim of personal property by the bankrupt as his exemption, which should have been filed by the bankrupt within 10 days of the date of adjudication, to wit, August 25, 1904. He, therefore, had a right to assume that the claim was waived by the bankrupt, and it was his duty to proceed as rapidly as possible to a final distribution of the proceeds of the estate. An efficient administration of the bankrupt law can only be accomplished by the encouragement of as prompt and speedy action on the part of a trustee as the circumstances of the particular case will warrant, and the bankrupt, while entitled to every protection in his claim for exemption, will be required to file the same, in accordance with law, within the time required by the act; and where his delayed claim, if allowed, as in this case, would require a sale to be set aside, and negotiations to be renewed for a resale, and the reconvening of the creditors for the purpose of passing upon the same, the claim will not be allowed.

The exceptions to the rulings of the referee are overruled, and the claim for exemption disallowed.