### In re VON KERM.

(District Court, E. D. Pennsylvania. March 13, 1905.)

#### No. 1,982.

BANKRUPTCY—EXEMPTION—TIME OF CLAIMING—AMENDMENT OF NOTICE.

While a notice in general language, both in a voluntary and involuntary petition in bankruptcy, of an intention to claim the exemption, may be amended if done in time, yet where the notice in either case is so general as not to indicate to the trustee what specific articles the bankrupt claims as his exemption, and the bankrupt files no schedule and makes no request upon the trustee to set aside specific articles of exemption until after the sale, he must be regarded as having waived his right of exemption, and he cannot claim the amount thereof out of the proceeds of sale.

In Bankruptcy. On certificate from referee.

Reber & Downs, for trustee.
F. Earle Von Leer, for bankrupt.

HOLLAND, District Judge. A voluntary petition in bankruptcy was filed in this case on the 1st day of July, 1904, in which the alleged bankrupt claimed his exemption, under the laws of the state of Pennsylvania, in the following form: "Fixtures and Wearing Apparel under and by virtue of the Act of April 9th, 1849, $300." This notice was inserted in Schedule B5 in the bankrupt's petition for exemption. Nothing more was done by him in the way of specifying the articles he intended to claim until November 9, 1904, 29 days after a sale of all his property by the trustee, which took place

on October 11, 1904. He then filed a petition before the referee, asking that his claim for exemption might be amended nunc pro tunc by adding a specified list of articles claimed. The prayer of the petitioner was refused by the referee.

While a notice in general language, both in a voluntary and involuntary petition, of an intention to claim the exemption, may be amended, if done in time (In re Duffy [D. C.] 118 Fed. 926), yet, where the notice in either case is so general as not to indicate to the trustee what specific articles the bankrupt claims as his exemption, and the bankrupt files no schedule and makes no request upon the trustee to set aside specific articles of exemption until after the sale, he must be regarded as having waived his right of exemption, and he cannot claim $300 out of the proceeds of sale. In re Otto L. Wunder (D. C.) 133 Fed. 821; Prince & Walter (D. C.) 131 Fed. 546; In re Manning (D. C.) 112 Fed. 948; In re Haskin, 6 Am. Bankr. Rep. 485, 109 Fed. 789.

The order of the referee denying the prayer of the petitioner is approved.