## In re ANSLEY BROS.

(District Court, E. D. North Carolina. February 19, 1907.)

**1. BANKRUPTCY—EXEMPTIONS—ALLOWANCE—CONCEALMENT.**

Where the bankrupts failed to make a full disclosure of their personal property, but the amount of the concealment could not be ascertained, the trustee should not allow their personal property exemptions until all of the personal property had been accounted for, except on the order of the court.

**2. SAME—CONVERSION—DEDUCTION FROM EXEMPTION.**

Where the bankrupts converted $100, which was derived from the sale of goods between the time of the filing of the petition for adjudication and the time when property was taken into custody by the deputy marshal, such sum should be deducted from the bankrupts' exemptions.

**3. SAME—EXEMPT PROPERTY—SALE.**

Where personal property which the bankrupts were entitled to claim as exempt was sold at the bankrupts' request that cash be allowed them, instead of the property, the bankrupts should be charged with their percentage of the difference between the proceeds of the property and its appraised value as against the amount of their exemptions.

**4. SAME—PREFERENCES.**

Where, within a month prior to the filing of a bankruptcy petition, the bankrupts delivered certain goods to their father and another in part payment of unsecured debts, such payment was an invalid preference, and the trustee was entitled to recover the goods or their value from the transferees.

**5. SAME—EXEMPTIONS—SALE.**

Const. N. C. art. 10, § 1, declares that the personal property of any resident to the value of $500, to be selected by such resident, is exempt from sale under execution for the collection of debt. *Held*, that such exemption is in property, and not money, so that, where a bankrupt resident of such state desires to claim his exemption in money, he must select property of the value of $500, which may then be sold, and the proceeds paid to him in cash.

In Bankruptcy.

Aydlett & Ehringhaus and Williams & Leigh, for creditors.
Pruden & Pruden, for bankrupts.

PURNELL, District Judge. The referee certifies as follows:

"(1) That the real property exemptions of the bankrupts do not enter into the controversy. (2) It is evident that the bankrupts have not made a full disclosure of their personal property, but the exact amount of such concealment cannot be ascertained from the evidence. (3) That the bankrupts have converted to their personal use the sum of $100, which they derived from the sale of goods between the time of the filing of petition for adjudication in this cause and the time when their property was taken in the custody of the deputy marshal. (4) That after the appraisement of the personal property of the bankrupts, they selected a small portion of their personal exemptions, and requested that the trustee sell the remainder and pay them their exemp-

tions in cash—that is, the balance due thereon—and such personal property in accordance with their request. (5) That within a month or so before the filing of the petition for adjudication, to wit, during the month of February or March, 1906 (the petition for adjudication having been filed April 13, 1906), the bankrupts delivered to their father, N. A. Ansley, $65 worth of goods on open account, and delivered to F. F. W. Cohoon $96 worth of goods on open account; said goods being given as part payment on debts, unsecured, which the bankrupts owed their father and Cohoon.

"Wherefore it is ordered, adjudged and decreed that: (1) The trustee shall allot to said bankrupts their real property exemptions and put them in possession of the same. (2) That the trustee shall not allot to bankrupts their personal property exemptions until all of their said personal property is accounted for, or until further order of the court. (3) That when the personal property exemptions are allotted, the trustee shall deduct therefrom the sum of $100, the amount of proceeds from sales which bankrupts have used since the filing of the petition for adjudication in this cause and the time when such property was taken in the custody of the deputy marshal, and as part of the personal property was sold from which bankrupts were to take their exemptions, such sale being at the request of said bankrupts, the trustee shall not allot to bankrupts from the cash derived therefrom sufficient to make up $500, but shall prorate and charge to bankrupts their percentage of difference between what the property sold was appraised at, and what it actually brought. (4) That the goods delivered to N. A. Ansley and F. F. W. Cohoon, as part payment of unsecured debts which they held against W. N. Ansley & Bro., or their value, be recovered by the trustee for the benefit of the creditors, if such recovery is possible."

The Constitution of North Carolina (article 10, § 1) does not contemplate or provide that a debtor shall be entitled to an exemption of $500 in cash, but expressly provides he shall be entitled to a personal property exemption of property of the value of $500. The words of the Constitution are as follows:

"The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

This court has undertaken in several cases, following the state Constitution as construed by the Supreme Court of the state, in Re Richards, 2 Am. Bankr. Rep. 509, 94 Fed. 633, and in several other cases, to point out the only way in which a bankrupt can claim his personal property in money; i. e., that he must select it as provided in the article and section cited, and if, under the circumstances, it is deemed more advantageous to the estate and to his interest, by agreement the property so selected may be sold with the other personal property, and the proceeds of the sale of such property so selected be paid over to him in cash. In no event is the bankrupt entitled to more than $500 in value.

The referee seems to be attempting to follow the state law, and this court can see no error in the order entered. Hence the same is affirmed.