### In re ARNOLD.

(District Court, N. D. Georgia, E. D. May 10, 1909.)

BANKRUPTCY (§ 396*)—EXEMPTIONS—SALE OF PROPERTY—DISTRIBUTION OF PROCEEDS.

A bankrupt claimed $1,600 worth of property as exempt under the state law, whereupon the trustee filed a report setting apart the exemption as claimed from the bankrupt's stock valuing the goods assigned at $1,600. It was thereafter agreed to sell the entire stock, including the goods exempted, and that the exemption should be paid to the bankrupt out of the proceeds. The stock was thereupon sold for 66 per cent. of the inventoried

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

value. *Held*, that the bankrupt was only entitled to his pro rata share of the proceeds of the sale, and not to an allowance of $1,600 therefrom.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 662; Dec. Dig. § 396.*]

In Bankruptcy. Certificate of referee to the judge for review.

J. H. Felker, for bankrupt.

George B. Rush, for creditors.

NEWMAN, District Judge. Attached to the schedule filed in this case, the bankrupt sets up his claim for exemption, as follows:

"The bankrupt claims to be exempt by state laws (section 2827 et seq. and section 5912 of the Code of Georgia) $1,600 worth of property, and he will claim this amount to be invested in a homestead for his family, consisting of his wife and two minor girl children, six and four years of age. This exemption is claimed out of the stock of goods, but the bankrupt is willing for the goods to be sold, as the stock would be incapable of division without injury, and all parties, including the bankrupt would be benefited by a sale of the property as a whole."

The schedule to which this claim of exemption is attached was filed March 27, 1908. On May 28, 1908, it appears that the trustee filed his report setting apart for the bankrupt the exemption as claimed from the stock of goods, and valued the same at $1,600. A list or inventory of the property so set apart from the bankrupt's stock of merchandise filed by the trustee is in the record sent to the District Court by the referee. It shows various articles of merchandise such as would be kept in the stock of a general dealer.

There seems to have been no objection filed to the trustee's action in setting apart the exemption, except that there appears to have been some difference between the trustee and the bankrupt as to the value of the goods so allowed the bankrupt. Counsel for the trustee claim that the goods so selected and set apart were moved and placed in a separate part of the store. This I understand to be denied by the counsel for the bankrupt, and the record is silent on the subject; but, whatever may be true about this, there is no doubt that particular and specific articles were designated and set apart.

In this stage of the matter, and while there was some controversy between the bankrupt and the trustee as to the valuation of the goods so set apart, it was agreed that it would be to the interest of both the bankrupt and the creditors that the stock should be sold as an entirety, and that it should be left for the district judge to decide whether or not the bankrupt is entitled to $1,600, as claimed by him, or the pro rata part of the proceeds arising from the sale of the goods. This agreement to leave the matter to the district judge was because the then referee in bankruptcy was disqualified from acting in the case.

The stock of goods was sold in accordance with agreement and brought 66 per cent. of the inventory value. After this, a new referee having been appointed for that portion of the district in which this case was pending, the matter was by consent submitted to him for determination. His decision is as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· "Really there seems to be no 'dispute' as to the value of the bankrupt's exemption, and it would therefore seem that all the referee can do is to advise or recommend some basis for a just and equitable settlement between the trustee and the bankrupt. The effect of the agreement appears to be that the bankrupt turned over his exempted articles, selected by himself and duly set apart to him by the trustee, to the trustee to sell and convert into cash for him; both he and the trustee believing that the goods selected by him and that left for creditors would together as a whole secure a better price than if sold in a condition of separation. In Re Gerson Richards, 2 Am. Bankr. Rep. 506, 94 Fed. 633, and in Re Ansley Bros., 18 Am. Bankr. Rep. 457, 153 Fed. 983, is found the best and most satisfactory authority for the solution of the instant proposition, which is that, in a case like this, 'it is proper to pay to the bankrupt from the proceeds of the sale the pro rata value of the exempt property to the proceeds of the sale of the entire stock,' and, it is therefore ordered that the trustee pay over to the bankrupt from the proceeds of the sale of the stock of goods, which included the exemption set apart to the bankrupt, the amount in cash due him, according to the above ratio."

I think the decision of the referee in this case was correct, whatever may be true as to the rights of a bankrupt to an exemption generally out of goods sold for less than their inventory value. What the bankrupt would have received if he had not consented to the sale of the stock of merchandise as a whole would have been the particular articles designated and set apart for him by the trustee. On account of the expected benefit he would receive from the sale of the stock as a whole, he agreed to it, and I do not think he can now, as against the creditors of the estate, claim anything more than the proportion that the purchase price bears to the inventory value of the stock. To hold otherwise would be to allow the bankrupt to take several hundred dollars from the proceeds of that portion of the stock of goods which was left in the hands of the trustee for the benefit of creditors after the goods allowed the bankrupt as an exemption had been separated therefrom. I do not think this would be right.

The action of the referee is approved.