In re DONAHEY.

(District Court, M. D. Pennsylvania. February 1, 1910.)

No. 1,433, in Bankruptcy.

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—EFFECT OF REMOVAL FROM STATE.

The right of a bankrupt to his exemption is to be determined as of the date when it is claimed, and his removal from the state after the claim is made is immaterial, although the right is only given to residents by the state law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 400*)—EXEMPTIONS—SUFFICIENCY OF CLAIM.

Under a state law giving a debtor the right to an exemption in property to be selected by him to a stated value, where a bankrupt was possessed of property capable of being divided from which he could make his selection, he was required to do so in his schedules, and a claim to the exemption from "proceeds of personal property" to the amount limited is insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671–675; Dec. Dig. § 400.*]

3. BANKRUPTCY (§ 400*)—EXEMPTION—WAIVER OF SPECIFICATION.

A specification of the goods claimed by a bankrupt as exempt may be waived. But no such effect is to be given to an agreement by which the owner, as against the claim of a third party is allowed to take possession of the goods and make a sale of them in the interest of creditors; the bankrupt taking no part in the arrangement and the question of his exemption not entering into it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

In Bankruptcy. In the matter of W. M. Donahey, bankrupt. On certificate from referee, passing on exceptions to bankrupt's claim for $300 exemption. Exceptions sustained.

H. W. Petriken and Atkinson & Pennell, for exceptions.
Wilberforce Schwoyer and J. Howard Neely, for bankrupt.

ARCHBALD, District Judge. The right of a bankrupt to his exemption is to be determined as of the date when it is claimed. In re O'Hara (D. C.) 20 Am. Bankr. Rep. 714, 162 Fed. 325. And as in this instance he was a resident of Pennsylvania at the time of filing his schedules, where claim was made, it is immaterial that he may now be a fugitive from justice in another state, to which, as it is said, he has withdrawn in order to escape arrest by his wife for desertion. Springer v. Lewis, 22 Pa. 191; McCrary v. Chase, 71 Ala. 540; Caldwell v. Renfro, 99 Mo. App. 376, 73 S. W. 340; 12 Am. & Eng. Ency. of Law (2d Ed.) 85, 86. It is denied that this is the fact, but the certificate of the referee seems to assume that it is; his conclusion being that it is of no consequence, the absence of the bankrupt not having interfered with the settlement of the estate. But the $300 exemption

law in Pennsylvania was passed for the benefit of resident citizens, in order that they may not be reduced to utter poverty, and become charges on the community, and the right to it cannot therefore be asserted where this relation does not exist. Yelverton v. Burton, 26 Pa. 351; McCarthy's Appeal, 68 Pa. 218; Dock v. Cauldwell, 19 Pa. Super. Ct. 51; Collom's Appeal, 2 Penny. (Pa.) 130; Snow v. Dill, 13 Phila. (Pa.) 138; In re O'Hara (D. C.) 20 Am. Bankr. Rep. 714, 162 Fed. 325. If there has been any such withdrawal from the state here, however, it took place after the claim was made, which, being good at the time, is not to be thrown out because of the bankrupt's having gone away afterwards.

It is further objected, however, that the exemption was not properly claimed; money and not property having been asked for. As it appears in the schedules, the claim is in terms "for the proceeds of personal property, $300," which does not conform to the requirement of the statute. The debtor is called upon to designate the particular property which he desires to retain, which he has the right to do to the value of $300, as determined by a due appraisement. But it is goods, and not the proceeds of them, that he is entitled to, and it is these, therefore, that he must specify and demand. Hammer v. Freeze, 19 Pa. 257; In re Haskin (D. C.) 6 Am. Bankr. Rep. 485, 109 Fed. 789; In re Wunder (D. C.) 13 Am. Bankr. Rep. 701, 133 Fed. 821; In re Pfeiffer (D. C.) 19 Am. Bankr. Rep. 230, 155 Fed. 892; In re Blanchard (D. C.) 20 Am. Bankr. Rep. 417, 161 Fed. 793. He cannot, as here, claim money resulting from a sale. The case is not like In re Renda (D. C.) 17 Am. Bankr. Rep. 521, 149 Fed. 614, where, after the bankrupt had designated the goods which he desired to have set aside, they were sold by arrangement with the trustee, which, it was held, did not prevent him from coming in on the fund. Neither is it like Burke v. Guaranty, Title & Trust Company, 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486, where specified property was claimed, the only objection to it being that it was not properly itemized. There may be some things in the opinion which go further than that, but that is the real question involved, and therefore the one that must be taken to have been decided. It may be, also, that where the only property out of which the bankrupt can secure his exemption is indivisible and above the value of that which is allowed him, a different rule should obtain, a sale in that case being the only alternative. In re Oderkirk (D. C.) 4 Am. Bankr. Rep. 617, 103 Fed. 779; In re Kane, 11 Am. Bankr. Rep. 533, 127 Fed. 552, 62 C. C. A. 616. But, according to the bankrupt's schedules here, he had liquors and cigars to the value of $500, and furniture and carpets worth $3,000 more; so that there was no dearth of goods out of which to select, and no occasion, therefore, for introducing any such exception.

It is said, however, that there was an arrangement between all parties concerned by which, for the purpose of getting better prices for the estate, the hotel property—furniture, liquors, lease, license, and good will—were taken possession of by the trustee and disposed of as a whole, which would have been seriously interfered with, and the result materially reduced, if the bankrupt had been allowed to first take $300

worth of property out of it. But that does not meet the question. However desirable it may have been, from the standpoint of creditors, to sell the property in bulk, it was not indispensable, the goods being readily divisible; and, if not, the bankrupt was bound to designate the particular part to which he would look for his claim, which went to the right, and not to the mere exercise of it, the exemption being of goods, and not money, and it being essential that they should be appraised, in order to see that he did not get more than he was entitled to. This did not prevent the goods selected from being subsequently sold with the rest, if that was deemed advisable. In re Renda (D. C.) 17 Am. Bankr. Rep. 521, 149 Fed. 614. But, besides being necessary to determine their value, it enabled them to be charged with a proportionate share of the loss, upon their being disposed afterwards at a forced sale indiscriminately with others, which is important. In re Ansley Brothers (D. C.) 18 Am. Bankr. Rep. 457, 153 Fed. 983; In re Arnold (D. C.) 22 Am. Bankr. Rep. 392, 169 Fed. 1000.

This is not to say that a specification of the goods could not be waived, and a claim, such as is here made, be accepted as sufficient, all parties consenting. But there is nothing here on which anything of that kind can be predicated. No such effect is to be given to the agreement between the excepting creditor and the trustee, by which the amicable action in ejectment which had been entered by Mr. Jacobs as owner of the hotel premises was to be opened, and the trustee allowed to take possession and make sale of all the property in the hotel in the interest of creditors. The bankrupt, so far as appears, had no part in this arrangement, nor was the question of his exemption drawn into it. It was merely an adjustment between the owner of the hotel and the trustee by which the proceedings which had been instituted in the common pleas were withdrawn, and the rights of the trustee, as the representative of creditors, recognized. It cannot be resorted to, to dispense with defects in the bankrupt's claim, which it had nothing to do with.

It is further said that the bankrupt had the right to amend. In re Duffy (D. C.) 9 Am. Bankr. Rep. 358, 118 Fed. 926; Burke v. Guaranty, Title & Trust Co., 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486. But the trouble is he did not do so. And it is too late now, after the property has been disposed of. In re Von Kerm (D. C.) 14 Am. Bankr. Rep. 403, 135 Fed. 447.

The exceptions are sustained, and the exemption disallowed, and the referee will take action accordingly.