---

In re EXUM.

(District Court, S. D. Alabama, S. D. December 8, 1913.)

No. 1,184.

1. BANKRUPTCY (§ 399*)—EXEMPTIONS—WAIVER OF RIGHT.
    The claim of a bankrupt to exemption, being a personal right, is waived unless asserted in due time.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 399*)—EXEMPTIONS—CLAIM OF EXEMPTION.
    Bankr. Act July 1, 1898, c. 541, § 7a (8), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), requires a bankrupt to file a schedule of his property, which shall also contain a claim for such exemptions as he may be entitled to, and, where the exemption under the law of the state is in specific property, it must be fully described; if not, he cannot claim an exemption subsequently out of the proceeds of property sold by the trustee.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of J. C. Exum, bankrupt. On review of order of referee denying exemptions. Affirmed.

Granade & Granade, of Chatom, Ala., for bankrupt.
Gordon & Edington, of Mobile, Ala., for trustee.

TOULMIN, District Judge. [1] 1. While exempt property is no part of the bankrupt estate, still, the claim being a personal right, if it is not asserted and maintained, the property which might have been covered by it would form part of the bankrupt estate for distribution among the general creditors. Collier on Bankruptcy (9th Ed.) pp. 192, 193; In re Bolinger (D. C.) 108 Fed. 374, 6 Am. Bankr. Rep. 172; In re Sloan (D. C.) 135 Fed. 873.

2. Exemption, being personal to the bankrupt, must be asserted, or he will be deemed to have waived it. He may assert it at any time before the sale of the property by the trustee. Collier on Bankruptcy, supra, 191, and authorities cited in note.

3. Compliance with the state statute is required. Under the Bankrupt Act claims for exemption are to be allowed and administered under the state laws and in accordance with the decisions of the Supreme

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Court of the state. Collier on Bank'cy, supra, 191; In re Pfeiffer (D. C.) 155 Fed. 892; In re Bassett (D. C.) 189 Fed. 410, 26 Am. Bankr. Rep. 800; In re Cochran (D. C.) 185 Fed. 913, 26 Am. Bankr. Rep. 459; In re Gerber, 186 Fed. 693, 108 C. C. A. 511, 26 Am. Bankr. Rep. 608.

[2] 4. The Bankrupt Act directs that the bankrupt shall prepare and file in court a schedule containing, among other things, a claim for such exemptions as he may be entitled to. Section 7a (8).

It was his duty to indicate in his schedule the property he selected to have set apart to cover his exemptions. He must comply with the law and exercise his right and privilege in the manner prescribed. If he does not describe or designate any specific property, his claim is invalid. Collier on Bank'cy, supra, 191, 192; In re Baughman (D. C.) 183 Fed. 669. He must minutely and accurately schedule his property. A claim of the exemptions in general is not sufficient. It should appear what property is claimed as exempt.

"If when the schedules are filed, the property is still in specie, the articles themselves should be described, and he will not be permitted to claim subsequently his exemptions out of the proceeds of the property sold." Collier on Bank'cy, supra, 236, 237; In re Von Kerm (D. C.) 135 Fed. 447; In re Wunder (D. C.) 133 Fed. 821; In re Haskin (D. C.) 109 Fed. 789.

The right to exemptions may be waived. A waiver may arise either from the bankrupt's failure to claim exemptions, or by a general or specific surrender of them. Collier on Bank'cy, supra, 192; Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010; authorities cited in notes to Collier, supra, 192.

The first and fourth grounds of objections to the allowance of the exemptions claimed by the bankrupt are well taken.

I, therefore, find no error in the finding and decree of the referee disallowing the claim, and the same is affirmed.