### McGOVERN v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. January 7, 1914.)

No. 2,580.

1. DEATH (§ 32*) — RAILROADS — EMPLOYERS' LIABILITY ACT — ACTION FOR BENEFIT OF ALIEN PARENTS.

Federal Employers' Liability Act April 22, 1908, c. 149, § 9, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, § 2, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1325), creating a new liability on common carriers engaged in interstate commerce for death of an employé under certain circumstances to his or her personal representative for the benefit of the surviving widow or husband and children of such employé, and, if none, for the employé's parents, and, if none, then for the benefit of the next of kin

. dependent upon such employé, does not authorize a recovery for the death of an employé of a common carrier engaged in interstate commerce for the sole benefit of alien parents residing abroad.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 47, 48; Dec. Dig. § 32.*]

2. TREATIES (§ 8*)—EFFECT.

Citizens of Great Britain could not derive benefits under the Italian treaty with the United States, negotiated February 25, 1913, under the most favored nation clause, so as to authorize an action for their benefit for the death of their son while engaged in interstate commerce in the United States under Federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), where decedent's death occurred December 24, 1912, prior to the signing of the treaty.

[Ed. Note.—For other cases, see Treaties, Cent. Dig. § 8; Dec. Dig. § 8.*]

At Law. Action by Bridget McGovern, as administratrix of the Estate of Peter McGovern, against the Philadelphia & Reading Railway Company. On motion for a new trial and for judgment non obstante veredicto. Motion for new trial ordered, and motion for judgment denied.

George Demming, of Philadelphia, Pa., for plaintiff.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff brought suit as administratrix of Peter McGovern, deceased, against the Philadelphia & Reading Railway Company, under the provisions of the act of April 22, 1908, known as the Employers' Liability Act, and its amendment, to recover damages for the death of Peter McGovern. The action is alleged in the statement of claim to be for the benefit of Patrick McGovern and Bridget McGovern, the surviving parents of the deceased.

[1] At the trial it appeared that Patrick McGovern, the father, and Bridget McGovern, the mother, of the decedent, for whose benefit action was brought, are citizens of the kingdom of Great Britain and Ireland and residents of Ireland. At the conclusion of the plaintiff's testimony, the defendant submitted, inter alia, the following point for charge, which was refused by the court:

"(3) The evidence in this case, which is uncontradicted, shows that the parents of the decedent, to wit, Patrick McGovern and Bridget McGovern, for whose benefit this action is brought under the act of Congress of April 22, 1908, as amended April 5, 1910, are nonresident aliens, being citizens of and residents in Great Britain, and therefore they have no right under the said act of Congress for which this suit may be maintained, and you are therefore directed to render a verdict in favor of the defendant."

The refusal of the above point is assigned as error and reason for a new trial. The act, under which the suit is brought, establishes a new liability upon common carriers engaged in interstate commerce by which, in case of the death of an employé under the circumstances of negligence set out in the act, the carrier is liable to damages "to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé."

Under the Pennsylvania statute of April 26, 1855 (P. L. 309), permitting certain named relatives to recover damages for death occurring through negligence, it has been held that a nonresident alien has no standing to maintain such an action against a citizen of Pennsylvania. As was stated by Mr. Justice McCollum, in the case of Deni v. Pennsylvania Railroad Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676:

"Our statute was not intended to confer upon nonresident aliens rights of action not conceded to them or to us by their own country, or to put burdens on our own citizens to be discharged for their benefit. It has no extraterritorial force, and the plaintiff is not within the purview of it. While it is possible that the language of the statute may admit of a construction which would include nonresident alien husbands, widows, children, and parents of the deceased, it is a construction so obviously opposed to the spirit and policy of the statute that we cannot adopt it. A nonresident defendant is not entitled to the benefit of our exemption laws, although the language of these laws may admit of a construction which would include him. It has been so held in a number of our cases. In this connection the language of Mr. Justice Sterrett, in Collom's Appeal, 2 Penny. [Pa.] 130, is pertinent. In delivering the opinion of the court he said: 'While nonresident debtors may perhaps be within the letter of the act, we do not think they are within its spirit. As was said by Mr. Justice Woodward in Yelverton v. Burton, 26 Pa. 351, and afterwards quoted approvingly by the present Chief Justice in McCarthy's Appeal, 68 Pa. 217, we do not legislate for men beyond our jurisdiction.' In one respect, at least, our act of 1855 resembles our exemption laws. It is intended, primarily, for the benefit of the family of which the deceased was a member. * * * We have a number of statutes which expressly confer rights upon aliens, but none which confers them by implication or inference. When the Legislature intends to concede to nonresident aliens the rights which our own citizens have under and by virtue of the act of April 26, 1855, it will say so."

The Deni Case was followed in the case of Maiorano v. Baltimore & Ohio R. Co., 216 Pa. 402, 65 Atl. 1077, 21 L. R. A. (N. S.) 271, 116 Am. St. Rep. 778, where it appeared that the plaintiff was a resident of the kingdom of Italy and a subject of the king of Italy, and it was claimed that, under the treaty between the United States and Italy (Feb. 26, 1871, 17 Stat. 845), the plaintiff was entitled to the same rights as citizens of the United States. Article 3 of the treaty provides:

"The citizens of each of the high contracting parties shall receive, in the states and territories of the other, the most constant protection and security for their persons and property, and shall enjoy in this respect the same rights and privileges as are or shall be granted to the natives, on their submitting to the conditions imposed upon the natives."

It was held by the Supreme Court of Pennsylvania that the provisions in the treaty above referred to apply only to such citizens of Italy, as either with respect to their persons or property, are within the jurisdiction of the United States, and that the act of 1855 did not entitle an alien nonresident to sue.

The decision in Deni v. Pennsylvania R. Co. was followed by the Circuit Court of Appeals for this circuit in the case of Fulco v. Schuylkill Stone Co., 169 Fed. 98, 94 C. C. A. 498, and by the Circuit Court of the District of Colorado in the case of Brannigan v. Union Gold Mining Co. (C. C.) 93 Fed. 164. The Circuit Court for the District of Washington in the case of Roberts v. Great Northern Ry. Co. (C. C.) 161 Fed. 239, in interpreting a statute of the state of Washington,

arrived at the same conclusion. The case of Maiorano v. Baltimore & Ohio R. Co. was taken on error to the Supreme Court of the United States. Mr. Justice Moody, in rendering the opinion of the court (213 U. S. 268, 29 Sup. Ct. 424, 53 L. Ed. 792), held that the construction of the state statute by the highest court of the state must be accepted by the federal Supreme Court. He further decided, however, that a fair construction of the treaty between the United States and the king of Italy, under which the plaintiff claimed, did not confer upon a nonresident citizen of Italy the rights bestowed upon citizens to maintain actions of this sort. In concluding, Mr. Justice Moody said:

"If an Italian subject, sojourning in this country, is himself given all the direct protection and security afforded by the laws to our own people, including all rights of action for himself or his personal representatives to safeguard the protection and security, the treaty is fully complied with, without going further and giving to his nonresident alien relatives a right of action for damages for his death, although such action is afforded to native resident relatives, and although the existence of such an action may indirectly promote his safety."

While the right of a nonresident alien to recover under the federal Employers' Liability Act has not been passed upon, I think the reasoning in the cases of Deni v. Railway Co. and of Maiorano v. Baltimore & Ohio Railroad Co. may well be applied to the statute in question. It is not to be presumed that Congress intended to legislate for the benefit of persons residing out of the jurisdiction of the state and federal laws. The right to recover damages for death is not a right at common law, and, when Congress undertakes to impose a liability upon interstate carriers for the benefit of their employés and the relatives of their employés in case of death through the carriers' negligence, in the absence of any provision to the contrary in a treaty or act of Congress, it must be presumed that such benefits are not intended for nonresident aliens.

[2] Counsel for the plaintiff calls attention to the treaty with Italy signed at Washington on February 25, 1913, under which the citizens of Italy are said to be entitled to exactly the same rights as the citizens of this country in the courts of this country, although, at the time of the occurrence, the citizens of Italy may be residing abroad. It is urged that, under the most favored nation clause in the treaties between this country and Great Britain and Ireland, the latter countries are entitled to the benefits and the rights arising under this treaty with Italy. Even if citizens of Great Britain derive the benefits claimed under the late treaty with Italy, that circumstance has no bearing on the question, for whatever rights the plaintiffs have in this case arose prior to the adoption of the treaty with Italy, as the death is alleged to have occurred on December 24, 1912.

It is concluded that the action cannot be maintained for the benefit of the parents of the deceased, and that the defendant's request for binding instruction should have been granted.

A new trial is therefore ordered. Defendant's motion for judgment n. o. v. is overruled.